CHARLES E. GIBBANY, ADMINISTRATOR OF THE ESTATE OF WESLEY S. WALKER, DECEASED, APPELLANT, v. JOHN W. WALKER AND PEARL WALKER, RESPONDENTS.—121 S. W. (2d) 317.

Kansas City Court of Appeals. November 7, 1938.

*Dean Leopard, E. L. Redman* and *J. W. McKnight* for respondents.

SHAIN, P. J.—This is a suit in ejectment brought by the plaintiff, administrator of the estate of Wesley S. Walker, deceased.

It appears that at its February term, 1933, the probate court made an order authorizing and directing said administrator to take possession of all real estate owned by said Wesley S. Walker at the time of his death and rent same and apply rental on payment of debts owing by said Walker at time of his death. Said order further directed said administrator to bring any action necessary to obtain possession of said real estate.

The defendant, who is a son of said Wesley S. Walker, was in possession of the portion of the real estate herein involved at the time of the death and at the time this action was brought.

The petition filed by plaintiff, after setting out matters above, states:

"Plaintiff states that as administrator of the estate of Wesley S. Walker, deceased, he was on the 10th day of February, 1933, entitled to the possession of the following described premises, of which the said Wesley S. Walker died seized, in Gentry County, Missouri, to-wit: The North Half of the Southwest Quarter (SW$\frac{1}{4}$) of Section No. Twenty-one (21), Township No. Sixty-two (62), Range No. Thirty-one (31), and being so entitled to the possession thereof, defendants afterwards, to-wit: on the 10th day of February, 1933, entered into said premises, and unlawfully withholds from plaintiff the possession thereof, to his damage in the sum of Two Hundred Fifty dollars ($250.00)."

The defendants makes answer as follows:

"Come now defendants and for answer to plaintiff's petition deny each and every allegation of fact and matter therein alleged and contained.

"WHEREFORE, having fully answered defendants pray to be discharged and have their costs in this behalf expended."

Trial was had before a jury and verdict was for defendants. Judgment was entered in accordance with the verdict and plaintiff duly appealed from said judgment.

Plaintiff makes assignments of error as follows:

## "I.

"The court erred in overruling the plaintiff's objection to the testimony concerning the oral contract and agreement between W. S. Walker and the defendant, John W. Walker, for the reason that such constituted an equitable defense and could not be shown under a general denial, no equitable defense having been pleaded.

## "II.

"The court erred in refusing to give plaintiff's instructions No. 1A and 2A, both in the nature of peremptory instructions.

## "III.

"The court erred in giving defendant's instruction No. 1, predicating the claim of adverse possession upon the executory contract therein set out for the reason that the holding could not have been adverse under such circumstances.

## "IV.

"The court erred in refusing to give plaintiff's instruction No. 3A and No. 4A defining the *quantum* of proof necessary to prove an oral contract.

## "V.

"The verdict was against the weight of the evidence and cannot stand for the reason that the proof required of a party asserting an oral contract to convey land was wanting.

## "VI.

"The court erred in not permitting plaintiff to show that the land in controversy had been uniformly assessed in the name of W. S. Walker."

We will continue to refer to appellant as plaintiff and to respondents as defendants.

Plaintiff in "Points and Authorities" makes contention as to assignment No. 1 as follows:

"An equitable defense cannot be shown under a general denial."

As to assignment No. 2, contention is made as follows:

"The contract being executory, the vendee could not hold adversely to the vendor and, therefore, the statute of limitations did not begin to run.

"(a) When anything remains to be done by either party the contract is executory.

"(b) When the vendee takes possession under an executory contract, that possession is not of itself adverse but on the other hand is in recognition of the title of the vendor.

"(c) Possession to start the statute of limitations must be adverse and cannot be equivocal.

"(d) The cases holding that possession taken under a parol gift immediately becomes adverse are not in point because such constitutes an executed transaction."

As to assignment No. 3, contention is made as follows:

"In all cases of parol contracts to convey land the proof must be so clear, cogent and forcible as to leave no doubt whatever in the mind as to its terms and character."

As to assignment No. 4, claim is made as follows:

"Where a party knows that land claimed by him is assessed in the name of another the assessment roll is admissible in evidence."

## OPINION.

The appeal in this case was originally taken to the Supreme Court upon the theory that title to real estate was involved. The record and the briefs now before this court were all filed in the Supreme Court and the record shows that the case was tried in the circuit court on the theory that title to real estate was involved. However, this cause has been transferred to this court upon the declaration by the Supreme Court that title to real estate is not involved in a constitutional sense.

Together with the mandate from the Supreme Court there is filed an exhaustive opinion written by Judge ELLISON that recapitulates as to divergent rulings on the issue involved and states what we conclude is the last ruling opinion of that court on a perplexing issue so long unsettled in this State.

A leading case discussed in the opinion with the mandate herein is Ballinger v. Windes, 338 Mo. 1039. In the opinion, comment upon the Ballinger case is as follows:

"The case cited by respondents in support of their contention is Ballinger v. Windes (1936), 383 Mo. 1039, 93 S. W. (2d) 882, decided by Division 1 of this court. That decision held the title to real estate was not involved within the meaning of the Constitution in a straight action in ejectment where the petition merely alleged the plaintiff was entitled to possession of real estate, that the defendant unlawfully withheld the same, and prayed judgment only for possession, damages and costs; the answer contained a general denial and a specific defensive plea of ownership, but without a prayer for affirmative relief requiring a direct adjudication of title and the judgment awarded only possession, damages and costs."

The opinion with the mandate further declares as follows:

"Considering the question in these various aspects we are of the opinion that an ordinary action in ejectment does not involve title within the meaning of Sec. 12, Art. VI of the Constitution. It is true that in Nettleton Bank v. Estate of McGauhey, *supra*, 318 Mo. 1. c. 955, 2 S. W. (2d) 1. c. 755 (12), of which the writer was the author, we referred by way of illustration to a statement in Force v. Van Patton, 149 Mo. 446, 449, 50 S. W. 906, 907, that actions in ejectment do involve title. The cases on the point did so hold at the time, and the question was not up for decision. Confronted with it now, we are driven to the conclusion that the ruling in the principal opinion in the Ballinger case is the better rule though the dissenting opinion has much support in the case law."

It appears now to be settled in Missouri that in an ejectment case wherein possession is sought and wherein the defendants' answer consists merely of a general denial and wherein no affirmative relief is sought, that the title to real estate, within the meaning of the Constitution, is not involved.

The above being true, it becomes manifest that much contained in the briefs in this case involves matters that are determined in the opinion accompanying the mandate.

By virtue of judicial mandate touching the question of title being at issue in ejectment, the later opinions of the Supreme Court have extended the jurisdiction of the Courts of Appeal in Missouri. However, we must so confine our deliberations on appeal as to not go beyond our constitutional limitation.

As before stated, it is manifest that this cause was tried below upon the theory that title was involved. To illustrate, we quote instruction A given by the court at request of plaintiff as follows:

"Instruction No. A.

"(Given.)

"The Court instructs the jury that the estate of Wesley S. Walker, deceased, is the owner of the record title of the North Half of the Southwest Quarter of Section No. 21, Township No. 62, Range 31, Gentry County, Missouri. The court instructs you that if you find and believe from the evidence that on the date of the institution of this suit, to-wit: February 11, 1933, the defendants were in possession of said real estate, then your verdict will be for the plaintiff, unless the defendant John W. Walker has *acquired title* by adverse possession of the said tract of land, as explained in other instructions in this case, for a period of ten years next before the commencement of this suit." (Italics ours.)

Further, instruction B, given on behalf of plaintiff, is as follows:

"Instruction No. B.

"(Given.)

"The court instructs the jury that by adverse possession, as used in these instructions, is meant a possession indicated by such acts

of possession and ownership exercised over the property as indicates to the world at large, including the owner of the legal title, that the party in possession claims the property as owner in his own right, and not subordinate to any other person. The possession must be such as to be hostile to and inconsistent with the right of ownership in the person who may be holding the true paper title."

The above instructions are based upon a plea of Statute of Limitations interposed by defendant in the trial. Defendant's plea was based upon an alleged oral contract with his father wherein he became the owner of the real estate at issue herein and wherein he claimed adverse possession under claim of ownership for a period of over ten years before the death of his father.

It is shown that the plaintiff in the trial joined issue on defendant's claim of title by limitation and advanced the theory of failure of limitations by reason of title not passing, if at all, until the death of the father, and plaintiff asked for and was given instruction E which presented such as an issue of fact.

Defendants' given instruction No. 1 clearly presents issue of title by limitation and closes as follows:

". . . then the court declares that such possession was adverse and that the defendant John S. Walker thereby acquired title to said land, and if you so find the facts to be, then you should find for the defendants, as to said eighty acres of land."

Defendants further asked for and received instruction No. 2 and instruction No. 3, which are as follows:

"Instruction No. 2

" (Given.)

"The court instructs the jury that in order to bar the true owner of land by adverse possession of another, such adverse possession must have been known and acquiesced in by him for ten years or else the possession under the adverse claim must be open and notorious, continuous and exclusive, for the requisite period of time, as defined in other instructions.

"Instruction No. 3.

" (Given.)

"The court instructs the jury that one who holds the open, notorious, continued, uninterrupted, adverse and actual possession of real estate for a period ten years or more thereby acquires the legal title to the property as fully as if he had acquired the same by a deed from the true owner."

The title to real estate was certainly involved and both plaintiff and defendants recognized the same and both tried the issues on such theory. The distinction, as pointed out in the opinion with the mandate, is that although involved it was but collaterally involved and, therefore, not involved within the meaning of the constitution.

We here presume to digress. However, with no claim that we

can make the distinction any more clear than has the learned Judge who wrote the opinion with the mandate, but with that psychological impulse that a writer has to present thoughts in his own words.

Words and phrases in the English language have different shades of meaning in accordance with the context wherein used. In the battle of words between Mr. Pickwick and his co-society member much misunderstanding was ironed out when it was revealed that certain words were spoken in a "Pickwickian" sense. The limitation upon the courts of appeal, as to passing upon title to real estate, is that such courts have full power to pass upon such issue so long as the decision of such courts does not determine who is and who is not the owner of the real estate in issue as an end of adjudicating title.

The battle of words resulting in the conclusion that an ordinary action in ejectment does not involve title within the meaning of section 12, article VI of the constitution presents interesting literature. Judge HAYS in a dissenting opinion in the Ballinger case points out that ejectment is a remedy *sui juris* and calls attention to the fact that under the practice in this State for over a century such an action has been recognized as a proceeding to try title where the basis of the *conflicting possessory claims of the litigants is title.* (Italics ours.)

It appears from a reading of the Supreme Court opinions that the trend has long been in the direction of the late conclusion on this question. As early as 1879, as stated in the opinion with mandate herein, the Supreme Court in Kimmel v. Benna, 70 Mo. 52, 61, declared that "a judgment in ejectment is no bar to a second action between the same parties for the same property, whether the titles and defenses in both actions be the same or not."

The above is somewhat out of harmony with the general idea that a former suit is *res adjudicata* of all issues that were susceptible of adjudication in said action.

To the mind of the writer it is suggested that the Supreme Court is not entirely confined to harmonizing the law as between the Courts of Appeal. Further, in view of the law as declared in Kimmel v. Benna, *supra,* and as declared in the opinion with the mandate herein, we are tending toward the position that an ejectment suit is but a mere possessory action for real estate as is replevin for personal property.

If the proposition, that *res adjudicata* applies to all issues that could be determined in a suit between litigants, be taken as a major premise and the proposition that *res adjudicata* does not apply as to ejectment as between same parties to same real estate and same claim of title be taken as a minor premise, then a conclusion can be drawn that will stand the test of logic but not the test of judicial mandate.

However, as the matter now stands we conclude that under the last controlling opinion of the Supreme Court we have jurisdiction to

determine as to title, as going to support a judgment for possession, but not as going to support a judgment determining title.

The situation as presented certainly demonstrates the wisdom of enactment of what is now article 8, chapter 7, Revised Statute Missouri 1929, in that same presents a course to pursue whereby title to real estate may be so determined as to give application to the principles of *res adjudicata.*

Reverting to assignment of errors, we conclude that plaintiff's assignment No. 1 is disposed of by the opinion with the mandate that we have above quoted from and discussed.

As to plaintiff's claim of refusal of instruction 1A and instruction 2A, said instructions are peremptory. As the plaintiff failed to stand upon his demurrer and voluntarily joined issues wherein title to real estate is collaterally involved, plaintiff cannot complain at refusal of the court to give said instructions. [Farmers State Bank v. Miller, 26 S. W. (2d) 863, and cases therein cited.]

Plaintiff's assignment No. 3 is as to defendants' instruction No. 1. The plaintiff's instruction E counters the instruction complained of. In other words, plaintiff joins issue on theory presented in defendants' instruction.

Further, in ejectment, proof of adverse possession may be made under a general denial. [Courtner v. Putnam, 325 Mo. 924, 30 S. W. (2d) 126.]

The taking of possession under a parol gift may be basis of claim of adverse possession.

This cause presents an action of law and evidence of parol gift is admissible to show character of possession. [Reader v. Williams, 216 S. W. 738.]

We conclude that the giving of defendants' instruction No. 1 is not in error. Plaintiff in assignment No. IV claims error in refusal of offered instructions No. 3A and 4A. By said instructions the jury was sought to be told in effect that the evidence of parol contract as applied to the issue involved in the case at bar must, as to being clear, cogent and forcible, be as is required in a cause wherein a party is attempting to establish title to real estate by parol contract.

As title to real estate is only collaterally involved herein, and as such evidence only goes to the character of possession, the rule as applied in those cases, wherein title is directly involved and cases involving specific performance and parol trusts, does not apply. We conclude no error in refusing. [Reader v. Williams, *supra.*]

As to plaintiff's assignment No. V, we find no error. Our conclusion is based upon the same grounds as presented under assignment No. IV.

Plaintiff in assignment No. VI claims error in refusal of admis-

sion of evidence that the land was assessed in the name of the father of defendant.

The assessment of taxes is not made by the owner and the fact that another than the defendant had made tax list or tax return on the real estate cannot be admitted as an admission against interest made by defendant. Further, it is clearly shown by the record that no deed had ever been executed conveying the land to the defendant and evidence to the effect that the land had been assessed in the name of W. S. Walker could not effect the character of possession under the claim of oral contract interposed in this action at law.

In view of the fact that the cause at bar is purely a possessory action, wherein no issue of title within the meaning of section 12, article VI of the Constitution of Missouri is involved, we conclude that there is no error shown in the record that would justify a reversal of the judgment.

In accordance with above, the judgment is affirmed. All concur; *Bland, J.,* in result.