228 S.W.2d 718 (1950)
TENNISON
v.
ST. LOUIS-SAN FRANCISCO RY. CO.
No. 41515.
Supreme Court of Missouri, Division No. 1.
March 13, 1950.
Motion for Rehearing or to Transfer to Denied April 10, 1950.
*719 Jo B. Gardner, Monett, for appellant.
E. G. Nahler, St. Louis, Frank C. Mann, C. Wallace Walter, Mann, Mann, Walter & Powell, Springfield, for respondent.
Motion for Rehearing or to Transfer to Court en Banc Denied April 10, 1950.
HYDE, Judge.
Action for both actual and punitive damages for wrongful discharge of plaintiff (a brakeman) from his employment. Plaintiff had verdict and judgment for $8500.00. The trial court granted a new trial on the ground of error in admitting in evidence an unsigned, unsworn statement of brakeman H. R. Foster, made at an investigation of plaintiff's alleged violation of defendant's Rule G, which was typewritten by a reporter present at the hearing.
On the occasion investigated, plaintiff went on duty at Monett as rear brakeman for a night run to St. Louis on a passenger train. It was his duty to protect the rear end of the train at all stops; other trains were following. At the trial, defendant had evidence of its Pullman Conductor that, between Monett and Springfield, plaintiff offered him a drink from a bottle of whiskey, which he refused, and that plaintiff drank its contents; he reported *720 this to the Train Conductor. Defendant's Auditor also noticed plaintiff, after leaving Springfield, decided he was intoxicated and reported this to the Train Conductor. The Train Conductor found plaintiff asleep, took over his duties at Lebanon and wired Newburg (the division point) for a relief brakeman. Plaintiff was left there. Plaintiff's evidence was that he was sick and had taken an overdose of medicine before going on duty. He denied that he had any whiskey with him or that he had used any whiskey.
It was stipulated at pre-trial conference that at the time in controversy a part of the contract between defendant and the union of which plaintiff was a member was as follows:
"Trainmen shall not be suspended, discharged, or unfavorable entries made against their records, without just and sufficient cause. In case a trainman is taken off of his run he shall be given a hearing within five days from the time he is taken off, and shall be given sufficient notice in person or in writing, in advance, to have a trainman of his own choice present, who shall be permitted to examine all witnesses and papers pertaining to the case. Charges shall be specific, and he shall have the right to produce witnesses to testify in his behalf. If a trainman is found guilty he will be notified in writing within five days, discipline assessed and cause. If held out of or removed from service unjustly, he will be reinstated, and paid for all time lost. If a trainman feels that he has been unjustly dealt with he shall have the right of appeal within thirty days to his superior officer through his Local and General Chairman. When stenographic notes are taken, the Local Chairman shall have a copy of same to be returned when same has served his purpose."
It was also there stipulated that at such time defendant had and plaintiff was familiar with Rule "G"':
"The use or possession of intoxicants or narcotics is prohibited. Violation of this rule is sufficient cause for dismissal."
An investigation of this matter was had at the office of defendant's Assistant Superintendent at Springfield and several of the trainmen made statements there, which were reported and transcribed. Defendant's Assistant Superintendent questioned them and they were also questioned by the General Chairman of the Brotherhood of Railroad Trainmen for the Frisco who reppresented plaintiff there. The substance of brakeman Foster's statement at this investigation (received in evidence at the trial) was that he had seen plaintiff about 5:45 a. m. at Newburg; that he had not seen him at any point or time prior to that; that he took particular note of his actions and appearance after he was told that he had been taken off his train that morning; that plaintiff was talking to Coble (another brakeman) and him; that his speech was normal, his appearance was normal and there were no signs of him being intoxicated. Foster also stated his conclusion that a man could not be drunk at Lebanon and sober at Newburg, one hour and fifteen minutes later, the assumed running time of the train between those towns.
This statement was, of course, hearsay; but plaintiff contends it was admissible as a declaration against interest of Foster, as a part of the records of defendant and also because of the contract with the Trainmen's Union. None of these contentions can be sustained.
Plaintiff argues that it was against the financial interest of Foster to make a statement in support of plaintiff being retained as a brakeman because plaintiff had seniority over him and it would aid his advancement for plaintiff to be discharged. He cites 5 Wigmore on Evidence (3d Ed.) 266, Sec. 1461 and Sutter v. Easterly, 354 Mo. 282, 189 S.W.2d 284, 162 A.L.R. 437. In the Sutter case, we broadened the rule beyond the requirement of financial or proprietary interest but the interest there included was liability to punishment for a criminal offense. That is a direct interest involving immediate and drastic consequences. The interest claimed here is indirect and remote. The Wigmore section, cited by plaintiff, says: "No more precise test can well be formulated, except in the suggestion that the interest injured or the burden imposed by the fact stated should be one so palpable and positive *721 that it would naturally have been present in the declarant's mind." See also McComb v. Vaughan, 358 Mo. 951, 218 S.W.2d 548, 551. There is not even any evidence in this case that Foster knew plaintiff's seniority rating and, in any event, it is not reasonable that he would consider it would be of any immediate direct consequence to him to make a favorable statement about his condition.
Plaintiff also says that this statement was an admission in defendant's records (citing 20 Am.Jur. 825, Sec. 977) and that it was a report by one of defendant's officials to another. Citing 20 Am.Jur. 888, Sec. 1049. However, it was neither an entry required to be made in the regular course of defendant's business nor a record of a corporate act of defendant so as to come within that rule; nor was it the kind of report of the type considered in the authority cited by plaintiff. It was no more than a narration of past events by an employee which is not admissible against an employer, as stated in the authority cited. See also St. Charles Savings Bank v. Denker, 275 Mo. 607, 205 S.W. 208; Shelton v. Wolf Cheese Co., 338 Mo. 1129, 93 S.W.2d 947. Certainly no officer of defendant recorded it as his view of the facts.
Plaintiff further claims that the contract with the union required defendant to justify its action solely upon what was brought out in its investigation and argues that no other evidence can be heard at the trial. (However, plaintiff does not wish to so limit himself.) Apparently, he claims Foster's statement is admissible on that basis; and he also claims that, at least, the contract authorized its use on the theory the agreement was that "discipline assessed against an employee would be based on evidence brought out at an investigation held by defendant" as provided in the contract. Such claimed construction of the contract is unreasonable. What the contract provided was that trainman would not be discharged "without just and sufficient cause." Methods were provided for a full investigation of charges and hearing of the employee's side thereof before action. However, defendant is no more precluded thereby from litigating in court the issue of "just and sufficient cause" than is plaintiff. Both may bring in any competent evidence they have and object to any incompetent evidence; and there is no estoppel against defendant because Foster was heard at the investigation required by the contract.
Plaintiff further argues that Foster's statement was not hearsay because the investigation was conducted by defendant and its officers had the right to examine him. The trouble with this contention is that it was not a proceeding before anyone authorized to administer an oath or with power to compel answers, which is essential to effective cross-examination. See 5 Wigmore (3d Ed.) 58, Sec. 1376; 8 Wigmore 73, Sec. 2195; Bartlett v. Kansas City Public Service Co., 349 Mo. 13, 160 S.W.2d 740, 142 A.L.R. 666. We hold that this statement was hearsay and that it was not admissible under any exception to the hearsay rule.
Plaintiff says that, even if it was error to admit it, nevertheless it was harmless because merely cumulative. We do not agree. It was the only very substantial corroboration of plaintiff's testimony that he had not been intoxicated and it contained an argumentative conclusion that would likely be prejudicial. The trial judge so considered it by his action in granting a new trial solely on that ground. "When a motion for new trial is sustained an appellate court will be more liberal in upholding such action than it might be in reversing a judgment on the same ground on appeal. Thompson v. St. Joseph Ry. L. H. & P. Co., 345 Mo. 31, 131 S.W.2d 574; see also Castorina v. Herrmann, 340 Mo. 1026, 104 S.W.2d 297; Taylor v. Farmers Bank of Chariton County, 349 Mo. 407, 161 S.W.2d 243. This is because the trial judge, having participated in the trial, had the best opportunity to determine the effect of any error; and granting a new trial is the exercise of judicial discretion which will be upheld unless abused or clearly erroneous." Teague v. Plaza Express Co., 356 Mo. 1186, 205 S.W.2d 563, 566. We hold that there is ample reason for sustaining the trial court's order in this case.
*722 Plaintiff finally contends that the trial court abused its discretion in granting a new trial on all the issues in the case. Plaintiff cites such cases as Brown v. Reorganization Investment Co., 350 Mo. 407, 166 S.W.2d 476, and Hoelzel v. Chicago, R. I. & P. R. Co., 337 Mo. 61, 85 S.W. 2d 126. These involved judgments against joint tort-feasors in which there was error only as to one defendant. A new trial was ordered only as to the defendant, affected by error, on the issue of liability only and the verdict as to amount held in abeyance as to both. Our Code Sec. 115, Sec. 847.115, Mo.R.S.A. provides: "A new trial may be granted * * * on all or part of the issues after trial by jury * * *." This gives the trial judge wide discretion; and for the reasons stated in the Teague case, supra, 205 S.W.2d loc. cit. 566, and the authorities therein cited, we should be liberal in upholding his action. In view of the positive testimony of the three trainmen who observed plaintiff, and the lack of direct corroboration for his testimony, it is certainly not unreasonable to consider that a new trial of the whole case is in the best interest of justice. Under the circumstances of this case, we cannot hold that this order was an abuse of discretion.
The order granting a new trial is affirmed and the cause remanded.
All concur.