Virginia L. **ELMS**, Respondent,

v.

**KANSAS CITY PUBLIC SERVICE COMPANY**, a corporation, Appellant,

and

Lewis M. **Shields**, Defendant.

No. 47404.

Supreme Court of Missouri,

Division No. 1.

May 9, 1960.

Ima M. Goehring, Kansas City, E. E. Thompson, Kansas City, Popham, Thompson, Popham, Trusty & Conway, Kansas City, of counsel, for appellant.

Robert B. Vaughan, Kansas City, for respondent.

DALTON, Judge.

Action for damages for personal injuries sustained by plaintiff as the result of a collision between the trolley bus of defendant Kansas City Public Service Company, on which plaintiff was a passenger, and a 1950 Chevrolet automobile operated by defendant Shields. Verdict and judgment were for defendants, but the court set the verdict and judgment aside as to each defendant and granted plaintiff a new trial. Only the defendant Kansas City Public Service Company (hereinafter referred to as appellant company) has appealed and here contends that the court erred in granting plaintiff a new trial.

There is no contention here that plaintiff did not make a case for the jury against appellant company. Respondent has approved appellant's statement of facts and we shall adopt it with some modification. About 5 p. m. on May 22, 1955, the trolley bus, on which plaintiff was a passenger, was westbound on Truman Road in Kansas City, Missouri. In the intersection of Truman Road and Euclid Avenue, the southbound 1950 Chevrolet automobile operated by defendant Shields collided with the right side of the bus and plaintiff was injured.

Plaintiff did not see the automobile of defendant Shields nor hear any warnings prior to the collision. The testimony of one of plaintiff's witnesses tended to show he was sitting in the rear seat on the right, or north, side of the bus when he first saw the Shields car to his right about 50 or 55 feet north of Truman Road coming south on Euclid. There were three westbound traffic lanes on Truman Road. The bus was in the south lane near the center of the street. The north side of the bus was 15 to 17 feet south of the north curb. When the witness first saw the Shields car, witness was east of the alleyway immediately east of Euclid, that is, the place where he was sitting in the bus was about 150 to 175 feet from the east curb of Euclid. The speed of the automobile, when he first saw it, was 5 to 6 miles per hour. It was on the right-hand side of Euclid. The bus was traveling 20 to 25 miles an hour. It was about 30 to 40 feet long. The Shields car slowed down as it neared Truman Road

and then picked up speed and continued picking up speed, until it hit the bus at a speed of 15 to 25 m. p. h., a hard collision. The automobile did not stop for the stop sign, which was 15 feet north of the intersection. The automobile swerved to the right, to the west, just before the collision. After the collision the bus came to a jarring, violent stop, angled toward the curb. Its rear was about 10 feet from the west side of the intersection. The automobile struck the bus in front of the rear door, about 25 feet from the front end. The front portion of the bus had already passed the west curb of Euclid when the collision occurred. The speed of the bus was about 20 miles an hour at the time of the impact.

The bus gave no warning signals that witness heard as it approached Euclid, nor did the witness hear any warning signals from the Shields car. Immediately before the collision the bus operator was talking to two men standing a little in back of him, talking about the Kansas City baseball team. He kept turning his head and facing the men up to the time of the collision.

Defendant Shields testified in his own behalf that he stopped for the stop sign on Euclid, which he said was 6 to 8 feet north of Truman Road. He was about 65 feet north of the stop sign when he began to slow down for the stop, and he came to a complete stop with the front of his car about even with the stop sign. He looked west and then east and started to cross Truman Road. He saw the bus about 40 feet west of Garfield, which is the first street east of Euclid. It wasn't quite 300 feet away. The speed of the bus at that time was 20 to 25 m. p. h., and he started across Truman Road. About 10 feet south of the stop sign, he tested his brakes to see if they would stop and he discovered he had no brakes and his car kept going. Its speed was about 5 m. p. h. He didn't feel he was in any danger as the bus had farther to go than he did. He thought he had time to get across, but he traveled only about 15 feet before the collision. The bus did not slow up, but continued on at the same speed.

He testified that with good brakes he could have stopped in about 20 feet. He was driving about 4 feet from the west curb of Euclid and stayed in that position as he proceeded south. After he tried his brakes and discovered that he had none he still did not realize there would be a collision. There were no passengers waiting to board the bus at Euclid. He didn't turn to the right just before the impact. At the time of the impact the greater portion of the bus was west of the west curb of Euclid. The bus traveled about 30 to 40 feet after the impact and then stopped. Defendant Shields admitted that he signed Exhibit No. 34, which defendant company's counsel exhibited to him during cross-examination. He read it before he signed it.

Exhibit 34 was a printed card prepared by defendant company. The printed part read: "I do not in any way blame the operator of the Kansas City Public Service Company for the occurrence in which I was involved on." This was followed by a portion in writing, "May 22, 1955 at 15th and Euclid, Lewis, 2012 E. 24 Terrace." The signature "Lewis" was admitted to be defendant Shields' signature.

Plaintiff submitted her cause against appellant company under the res ipsa loquitur doctrine and against defendant Shields on specific negligence in failing to stop at the stop sign on Truman Road and negligently proceeding into the traveled portion of that road without stopping.

When Exhibit No. 34 was offered in evidence, plaintiff's counsel stated: "On behalf of my client I object to it primarily because it is hearsay. It is pure hearsay as to my client and is not binding upon her and is prejudicial. I object to it on behalf of my client." The request was overruled and the exhibit admitted. Counsel then stated: "At this time I ask the Court to instruct the jury that it is hearsay as to my client and not binding in any way upon Mrs.

Elms, and it is admitted only against Mr. Shields." The request was refused. The objections were further developed in plaintiff's motion for a new trial.

The court sustained plaintiff's motion for a new trial as to appellant company "for the reason that the Court erred in denying and refusing plaintiff's request that the Court instruct the jury, at the time Exhibit No. 34 was admitted in evidence, that it was admitted only as to the defendant Shields and was not binding on plaintiff, and in denying and refusing plaintiff's motion that the Court instruct the jury to disregard said Exhibit No. 34 as to plaintiff." Plaintiff's motion for new trial as to the defendant Lewis M. Shields was sustained for the reason that the verdict of the jury was against the weight of the evidence.

■ Appellant contends the court erred to the prejudice of appellant in sustaining the motion for a new trial because, as a matter of law, the exhibit "was an extra judicial admission against interest, was not objectionable as hearsay, was not limited by the opinion rule, and was original substantive evidence entitling appellant to such benefits therefrom as the jury might deem fit to give." Appellant cites Ozbun v. Vance, Mo.Sup., 323 S.W.2d 771, 776(5); Grodsky v. Consolidated Bag Co., 324 Mo. 1067, 26 S.W.2d 618, 621; Pulitzer v. Chapman, 337 Mo. 298, 85 S.W.2d 400, 410, and other cases. Appellant quotes from the Pulitzer case as follows: " * * and the rule is universal that prior inconsistent statements of a party to an action, by deposition or otherwise, *are admissible against him as substantive evidence in the nature of admissions.*" (Italics ours.) It is apparent that the cases are not applicable under the facts here. Appellant insists that no judicial discretion was involved when plaintiff's objection was overruled; and that the court did not err when it refused plaintiff's request to instruct the jury the exhibit was hearsay as to her, and not in any way binding upon her, and was admitted only against Shields. There is, of course, no discretion as to the law of the case and, if no error was committed, the court erred in granting plaintiff a new trial. Schipper v. Brashear Truck Co., Mo.Sup., 132 S.W.2d 993, 937(10), 125 A.L.R. 674; State ex rel. State Highway Commission v. Belvidere Development Co., Mo.Sup., 315 S.W.2d 781, 784.

■ We are not here concerned with the admissibility of the exhibit as an admission against interest as to defendant Shields, although much of appellant's brief is devoted to that issue and many cases cited so hold. Our question, however, is whether the exhibit was admissible against the plaintiff and competent evidence in her action against appellant company, the codefendant of defendant Shields. Defendant Shields was a complete stranger to plaintiff and to her relationship to the other defendant as a passenger on its bus. The exhibit evidenced an admission against interest by defendant Shields. Respondent does not question the admissibility and relevancy of the exhibit as against defendant Shields. As between the plaintiff and the appellant company the exhibit was the hearsay statement of a third party favorable to his codefendant. The admission was made by a stranger to plaintiff and it was wholly incompetent as evidence in support of appellant company's defense against plaintiff's claim. Waterous v. Columbian National Life Insurance Co., 353 Mo. 1093, 186 S.W.2d 456, 460(8); Prewitt v. Martin, 59 Mo. 325, 329, 333; Louisiana Lumber Co. v. Burbridge, Mo.App., 220 S.W.2d 760, 764(2); Gibbany v. Walker, 233 Mo.App. 489, 121 S.W.2d 317, 322(13); 31 C.J.S. Evidence § 321, p. 1100; 20 Am. Jur. 495, Evidence, § 589.

In the case of Louisiana Lumber Co., supra, 220 S.W.2d 760, 764(2), the court said: "Hearsay testimony is, of course, inadmissible, and statements which fall within that category should be excluded. It is also a general rule that a litigant cannot be bound or affected by words or acts of others with whom he is in no way con-

nected, and for whose words or acts he is not legally responsible."

The person who had made the admission against interest favorable to appellant company was a party defendant and he was present and had testified as a witness in the case. He admitted having read and signed the exhibit, but it was not binding on plaintiff or admissible against her.

In the case of Whittington v. Westport Hotel Operating Co., 326 Mo. 1117, 33 S.W. 2d 963, 967, plaintiff while working as a carpenter's helper, building a building in Kansas City, was injured. He said he had been told by the job superintendent: "You will be working for the George H. Siedhoff Construction Company, but you will get your checks from the Westport Hotel Operating Company." He sued both companies and obtained a verdict against both. The court said: "The Siedhoff Company further contends that the verdict of the jury against both defendants requires the reversal of the judgment as to it. The Westport Company admitted that it was the employer of plaintiff. It was capable of so admitting, if it desired, and was bound by the admission. This situation, however, did not preclude the plaintiff from demonstrating that the Siedhoff Company was his employer. In effect, the Siedhoff Company takes the position that the admission of the Westport Company absolves it from liability. The Westport Company's admission concerned it, not the Siedhoff Company."

Further, the admission of one defendant is not binding upon a codefendant, where the interest or liability may be separate, unless the codefendant consents, or the relationship between them is such that the law implies consent or there is privity of estate between them. Munday v. Austin, 358 Mo. 959, 218 S.W.2d 624, 628(6); Fawkes v. National Refining Co., 341 Mo. 630, 108 S.W.2d 7, 10(5–8); Chawkley v. Wabash Ry. Co., 317 Mo. 782, 297 S.W. 20, 26(10); Vest v. S. S. Kresge Co., Mo. App., 213 S.W. 165, 167(3); Saunders v. Prue, 235 Mo.App. 1245, 151 S.W.2d 478, 481(10); Steckel v. Swift & Co., Mo.App., 56 S.W.2d 806, 808(4); Davis v. Sedalia Yellow Cab Co., Mo.App., 280 S.W.2d 869, 871(3); 20 Am.Jur. 540, Evidence, § 640. And see Tennison v. St. Louis-San Francisco Ry. Co., Mo.Sup., 228 S.W.2d 718, 721(4).

Appellant argues that the exhibit "was an extra judicial admission and was competent as an admission against interest," and so it was, but only as to defendant Shields. Appellant's whole theory is that because the statement was an admission against the interest of defendant Shields and admissible against him, it was also admissible as substantive evidence in favor of the appellant company against the plaintiff. None of appellant's cases so hold. Appellant further argues that the interest of defendant Shields was antagonistic to the interest of the appellant company and his admission was inconsistent with his defense to plaintiff's claim, and so it was, but it does not follow that the exhibit was competent evidence as between plaintiff and the appellant company.

Appellant further contends that it would have been error to impose any limitation upon the evidentiary effect of the exhibit in plaintiff's case against appellant company. There is no merit in this contention. The exhibit was admissible against defendant Shields and, when it was admitted against him, since it was not competent against plaintiff, it was proper for plaintiff under the facts here to request the court to direct the jury that the admission was not binding upon the plaintiff and could not be considered against plaintiff, nor as binding upon her in any manner in her action against the appellant company. Union Savings Ass'n v. Edwards, 47 Mo. 445, 449; State v. Bersch, 276 Mo. 397, 416, 207 S.W. 809, 814(12); Grimm v. Gargis, Mo.Sup., 303 S.W.2d 43, 51(13, 14); Millspaugh v. Missouri Pac. R. Co., 138 Mo.App. 31, 119 S.W. 993; Chawkley v. Wabash Ry. Co., supra, 297 S.W. 20, 25(9).

Appellant further cites Neely v. Kansas City Public Service Co., 241 Mo.App. 1244, 252 S.W.2d 88, 90. That case deals with

declarations against interest of a nonavailable witness. While here we have an admission against interest by a party defendant who was present and testified in the case. As stated, our question is whether such an admission is competent evidence as between plaintiff and appellant company.

In the Neely case the court said: "There is a vital distinction between *admissions* against interest and *declarations* against interest. Admissions against interest are those made by a party to the litigation or by one in privity with or identified in legal interest with such party, and admissible whether or not the declarant is available as a witness. Declarations against interest are those made by persons not a party or in privity with a party to the suit, are secondary evidence and constitute an exception to the hearsay rule, *admissible only when the declarant is unavailable as a witness.* * * *" (Italics ours.) 252 S.W. 2d 88, 91. In that case the nonavailable witness, Messick, had previously declared, after his automobile collided with the bus, "that he had approached the intersection at 40 to 50 miles an hour, and that his brakes were not operating," *facts* to which he could have testified to if he had been present as a witness. 252 S.W.2d 88, 90.

■ Appellant argues that, if the *declarations* of Messick, who was neither a party nor a witness, was admissible in favor of defendant company in that case and against the plaintiff, then there is even stronger reason for admission against plaintiff here of the *admission* of defendant Shields, who was both a party and a witness for himself. In this case the statement of codefendant Shields was not a statement of fact, but was a mere conclusion, an opinion and extra-judicial statement of the witness and the statement of opinion and conclusion would not have been admissible against plaintiff as between plaintiff and the defendant company, even if the defendant Shields had wanted to so testify at the trial of this cause. It stated no facts and it was not competent against plaintiff-respondent.

See Donnelly v. Goforth, Mo.Sup., 284 S.W. 2d 462, 465.

Appellant also insists that McComb v. Vaughn, 358 Mo. 951, 218 S.W.2d 548, 550, is controlling. No *admission* was involved in that case and the exclusion of the *declaration* of the deceased against interest was held proper because of remoteness and its exclusion was held not to be prejudicial to defendant. The case does not deal with our problem.

Appellant further argues: The trial judge "confused the status of witness Shields with the status of an ordinary witness. He overlooked the fact that Shields was a party-defendant and that his statement was not hearsay, or mere impeachment, entitling plaintiff to a restrictive instruction. He did not recognize that it was an extrajudicial statement of a party litigant governed by an entirely different rule of law." Appellant overlooks the fact that plaintiff asked the court to direct the jury that the exhibit was "admitted only against Mr. Shields." Appellant's cases do not indicate that the questioned evidence was also admissible in favor of another defendant, such as the appellant here and against plaintiff-respondent.

■ Appellant further contends that the request made by plaintiff for the court to instruct the jury that the exhibit was hearsay and not binding on plaintiff and was admitted only against defendant Shields was an insufficient and invalid objection and preserved nothing for review. The objection was sufficient since, as between plaintiff and the appellant company, the statement was hearsay and admissible only against defendant Shields, who was present in court and whose testimony was then in the record. Further, the trial court found plaintiff's request sufficient when it granted plaintiff a new trial.

■ Appellant further insists that, if the court erred in refusing the requested instruction to the jury, it was harmless error. We need not determine that question since

the trial court deemed it prejudicial to plaintiff and granted plaintiff a new trial. Tennison v. St. Louis-San Francisco Ry. Co., supra, 228 S.W.2d 718, 721 (5–7). Since the court erred in failing to instruct the jury as requested, the court did not abuse its discretion in finding the error prejudicial to the plaintiff. Appellant cites Ford v. Dahl, 360 Mo. 437, 443, 228 S.W.2d 800, 803 and Hill v. Johnson, Mo.App., 178 S.W. 2d 801, 802. In each of those cases the trial court had *overruled* the motion for a new trial.

The order granting plaintiff a new trial is affirmed and the cause is remanded.

All concur.