**Thurellen THIGPEN, Plaintiff-Appellant,**

v.

**DODD'S TRUCK LINES, INC., a corporation, Defendant-Respondent.**

**No. 34780.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 14, 1973.

addition, she alleged she had been caused to lose time from her regular employment resulting in a loss of earnings in the approximate sum of $1,000.00, and that she would lose future wages not capable of being ascertained. Describing generally the effect of the trauma, she charged in her petition that the function of the parts of her body which had previously been described and her ability to work and to labor had been greatly impaired and diminished.

At the time of interrogating the jury panel on voir dire and in his opening statement defendant's counsel admitted the occurrence of the collision and stated that defendant was not disputing that it had "some responsibility" for the occurrence of the accident. The only thing that defendant was disputing was "the severity of this injury, the type of injury, and her [plaintiff's] present condition."

Igoe & Igoe, St. Louis, for plaintiff-appellant.

Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, for defendant-respondent.

WEIER, Judge.

From an adverse jury verdict and judgment in her personal injury action, the plaintiff has appealed. We affirm.

On May 12, 1971 Thurellen Thigpen, the plaintiff, was sitting in a parked vehicle on Wright Street near its intersection with Broadway in St. Louis. A truck owned by the defendant and operated by one of its agents turned into Wright from Broadway and struck the left rear fender of the parked vehicle. Plaintiff alleged in her petition that as a result of the collision she sustained permanent injuries over a major part of her body, particularly to her neck, back, chest and knees. She claimed medical expenses in the approximate sum of $1,500.00 and future medical expenses. In

The first contention raised on this appeal by the plaintiff is that the trial court erred in permitting defendant's counsel to inquire as to the reason for plaintiff's termination of employment at St. John's Mercy Hospital in November of 1971. This occurred during cross-examination of the employment manager of the hospital who was brought into court by subpoena duces tecum calling for the hospital's work and payroll records of the plaintiff. The court allowed defendant's counsel to develop the fact that the employment records indicated plaintiff had been discharged subsequent to her return to work after the accident because of sleeping on duty. In support of her contention of error, plaintiff states that since she had returned to her regular duties by September 2, 1971 and did not claim damages for diminished ability to work after that time, the issue as to her termination of employment was entirely collateral to the issues in the case. She submits that the overwhelming prejudicial effect of the development of this fact concerning her discharge for sleeping on duty far out-

weighed any probative weight the collateral issue of plaintiff's ability to work in November of 1971 might have had.

■ We cannot recognize any merit in this first point raised by plaintiff. At the time the cross-examination occurred, the pleadings, as previously recited, alleged permanent injury with impairment of her earning capacity and a diminished ability to work in the future. She affirmatively stated in her petition that she would in the future be required to lose further time and sums. It should also be noted that this cross-examination occurred during the early part of the trial of the case. The employment manager of the hospital had been preceded by plaintiff's physician and a witness who produced work records of the plaintiff. Her physician had testified that plaintiff would be troubled all her life by low back pain resulting from the accident. And even subsequent to the challenged cross-examination plaintiff testified that she could no longer perform many of the duties required of her in her work. Considering these facts and the pleadings, it is clear that the impairment of plaintiff's earning ability was a significant and important element of her claim for damages. Since she had raised the issue of her future earning capacity, it cannot now be said that the questions concerning the reasons for plaintiff's discharge from her employment at the hospital touched upon an entirely collateral issue. Plaintiff raised the implication that in the future she might lose income as a result of loss of employment due to the accident. Defense counsel, who at the time of inquiry had no knowledge of what plaintiff might develop in her testimony, brought out the fact that she had lost her job in November, 1971, subsequent to the accident, for a reason which was not related to the accident. It is well established that the extent and scope of cross-examination in a civil proceeding is discretionary with the trial court, and its rulings with respect thereto will not be disturbed unless an abuse of discretion is clearly shown. Krez v. Mickel, 431 S.W.

2d 213, 215 [2] (Mo.1968). And where evidence in a case is admissible for one purpose but would be improper for other purposes, it should be received, subject to a limiting instruction if the objector so requests. Dyer v. Globe-Democrat Pub. Co., 378 S.W.2d 570, 581 [7] (Mo.1964); State ex rel. Kansas City Public Service Co. v. Shain, 345 Mo. 543, 134 S.W.2d 58, 61 [2] (1939). Plaintiff here did not seek an instruction limiting the purpose for which the evidence of her dismissal could be considered and thus cannot be heard to complain that the jury considered such evidence for the wrong purpose.

■■ Plaintiff's second point relied on is stated in her brief as follows: "The court erred in allowing defendant's counsel to introduce the display of a certain exhibit purporting to be claim for compensation filed on behalf of plaintiff in November, 1971 for an injury occurring on the job in January, 1971." Rule 84.04(d), V.A.M.R. provides that in addition to a brief statement as to what actions or rulings of the court are sought to be reviewed, the appellant should point out "wherein and why" these actions or rulings are claimed to be erroneous. Merely stating the nature of the alleged errors without also stating "wherein and why" they are erroneous neither complies with the rule nor preserves anything for review. The second point relied on fails to state why it was error for the trial court to allow the defendant's counsel to introduce a certain exhibit. The point, therefore, does not present anything for appellate review. State ex rel. State Highway Commission v. Heim, 483 S.W.2d 410, 414 [17] (Mo.App.1972).

■■ The third and last contention advanced by the plaintiff asserts that the court was in error for not setting aside the verdict because the verdict was against the overwhelming weight of the evidence. This charge raises nothing for appellate review. It is a rare case where there is a complete absence of probative facts to support a verdict whereupon an appellate

court will interfere. Martin v. O'Connor, 406 S.W.2d 41, 42 [3] (Mo.1966); Robbins v. Robbins, 328 S.W.2d 552, 556 [7–13] (Mo.1959). The court in the case now before us gave as a verdict directing instruction a modification of MAI 4.01. The instruction as given required the jury to find the issues in favor of plaintiff as to liability and then directed them to award the plaintiff such sum as they believed would thoroughly and justly compensate plaintiff "for any damages you believe she sustained and is reasonably certain to sustain in the future * * *." Obviously the jury believed that the plaintiff did not sustain any damages as a result of the collision. As stated in *Robbins,* supra, 328 S.W.2d at 556: "A jury is at liberty to believe or to disbelieve and disregard any part of the oral testimony, even though there be no controverting testimony, and to accept or reject either version * * *."

The judgment below is affirmed.

DOWD, C. J., and CLEMENS, J., concur.