Mary Martha COOK, Administratrix With Will Annexed of the Estate of Nettie Fowler, Deceased, et al., Plaintiffs-Appellants,

v.

Arlo CAMP et al., Defendants-Respondents.

No. 9256.

Missouri Court of Appeals, Springfield District.

Aug. 29, 1973.

Jack Fleischaker, A. L. Shortridge, Joplin, for plaintiffs-appellants.

Frieze, Crandall & Crawford, Carthage, for defendant-respondent Arlo Camp.

HOGAN, Judge.

This is a suit to cancel a warranty deed to 20 acres of land made by plaintiffs' decedent, Mrs. Nettie Fowler, to defendant Arlo Camp. In the petition it was alleged that the deed was obtained by fraud or through undue influence, was executed wholly without consideration, and is therefore void. Plaintiffs also sought to set aside a deed of trust made by defendant Camp and his wife to secure a loan on the land, and in a separate count, plaintiff Mary Martha Cook, as administratrix with will annexed of the Estate of Nettie Fowler, deceased, sought to recover damages. The Circuit Court of Jasper County refused the plaintiffs any relief. In this court the parties have stipulated that the deed of trust is valid, and the plaintiffs appeal only from the trial court's refusal to cancel the warranty deed.

We have, of course, been obliged to review the record on both the law and the evidence, and to determine the propriety of the trial court's judgment on the whole record. Rule 73.01, V.A.M.R.; Russell v. Russell, 427 S.W.2d 471, 475 [2] (Mo.1968). We do not wholly agree with the legal theory applied by the trial court, but we cannot say that its judgment was based on findings of fact which are clearly erroneous and because this is a court-tried case, it is of no consequence that the judgment may have been based on an incorrect theory. Edgar v. Fitzpatrick, 377 S.W.2d 314, 318 [12] (Mo. banc 1964).

We have carefully examined the record; in fact, we have abstracted the

testimony twice. There is no doubt that the plaintiffs adduced some evidence tending to support their pleaded theory, but the dispositive question presented is whether their proof was so clear, cogent and convincing that the trial court's judgment was clearly erroneous. Radford v. Radford, 388 S.W.2d 33, 38 [3] (Mo.1965). In our opinion, it was not. We are further convinced that the merits of the appeal are governed by such commonplace legal principles that a fully developed opinion would have no precedential value. The judgment is therefore affirmed on this memorandum as provided by Rule 84.16(b), V.A.M.R.

TITUS, C. J., BILLINGS, J., and GREENE and COTTEY, Special Judges, concur.

STONE, J., not sitting.