**Albert W. WEIMAN, Plaintiff-Respondent,**

v.

**James DILLARD, Defendant-Appellant.**

**No. 9642.**

Missouri Court of Appeals,
Springfield District.

Sept. 25, 1974.

Orville C. Winchell, Lebanon, for defendant-appellant.

John F. Low, Lebanon, for plaintiff-respondent.

BILLINGS, Judge.

Suit to recover monies loaned by plaintiff to the defendant made incident to the formation of a cattle raising partnership between the parties. Trial was to the court and defendant's claim that plaintiff's breach of the partnership agreement extinguished the obligation to repay the loan was rejected by the lower court and plaintiff was awarded judgment on his petition.

We have given serious consideration to dismissing this appeal by reason of defendant's noncompliance with Rule 84.04, V.A. M.R. Defendant's brief does not contain a fair and concise statement of the facts, presented without argument. Geiler v. Boyer, 483 S.W.2d 773 (Mo.App.1972). Defendant's first point charitably advises us of our constitutional scope of review and his remaining point fails to inform us wherein and why actions or rulings by the trial court are claimed to be erroneous. Thigpen v. Dodd's Truck Lines, Inc., 498 S.W.2d 816 (Mo.App.1973); State ex rel. State Highway Commission v. Heim, 483 S.W.2d 410 (Mo.App.1972). However, since the record before us is brief and with the aid of the argument portion of defendant's brief filed herein we can discern the point defendant seeks to raise, we have reluctantly concluded to rule the case on its merits.

The partnership agreement was before the court and the only witnesses were the parties. The defendant acknowledged that

plaintiff had made him the loan, that the proceeds were used for the construction of a fence on defendant's property pursuant to the agreement, and, that the loan had not been repaid.

We have reviewed the record on both the law and the evidence and cannot say that the judgment was based on findings of fact which are clearly erroneous. Cook v. Camp, 499 S.W.2d 217 (Mo.App.1973). There was substantial evidence to support plaintiff's claim against the defendant and a complete lack of evidence to bolster the charge of breach of the agreement by the plaintiff. No error of law appears and an opinion would have no precedential value.

The judgment is affirmed. Rule 84.16, V.A.M.R.

HOGAN, C. J., and STONE, TITUS and FLANIGAN, JJ., concur.