**Gary F. MARTIN, Appellant,**

v.

**Daniel DURHAM and Thomas Disposal Services, Inc., Respondents.**

No. WD 51592.

Missouri Court of Appeals, Western District.

Nov. 19, 1996.

Thomas K. Thompson, Liberty, for appellant.

Thomas Deacy, Kansas City, for respondents.

Before HANNA, P.J., and SMART and EDWIN H. SMITH, JJ.

HANNA, Presiding Judge.

The plaintiff, Gary F. Martin, appeals from a jury verdict and judgment for the defendants on his claim for personal injuries. The plaintiff contends that the trial court erred in giving an oral instruction regarding hearsay evidence offered by the plaintiff's expert which commented on the plaintiff's truthfulness, in failing to sustain his motion for new trial because there was insufficient evidence as a matter of law to sustain a verdict for the defendant, and in failing to grant a mistrial because of defense counsel's questions, which were in violation of the court's ruling on the motion in limine, regarding plaintiff's failure to use a safety belt.

The plaintiff was injured while installing a traffic control device at the intersection of 85th and Hickman Mills Road in Kansas City. The area surrounding the accident scene was marked with orange barrels, cones, barricades, and arrow boards. The plaintiff was working in a "cherry picker," which was extended approximately sixteen to eighteen feet above the intersection by a boom from his employer's digger truck. The truck was parked in a closed lane with the boom extending into another lane of traffic, and the boom was raised so that the plaintiff could work on the traffic light. Because the bucket which the plaintiff was in did not have any control devices to move it, the plaintiff gave hand signals to Mr. Morton, who worked the controls from the ground. The plaintiff was the foreman on the job, and Mr. Morton was an apprentice lineman who took his directions from the plaintiff. The highway department has specifications requiring lane closure under a bucket in order to protect the traveling public and the safety of the person in the bucket. Traffic lanes may be closed by use of barricades, barrels, cones, or arrow boards.

The plaintiff had been working on the light for approximately twenty minutes prior to the accident. While the plaintiff was in the bucket, the top of which was even with the arm of the traffic signal, defendant Durham, driving his company's truck, left a Quik–Trip store located within a block of the accident scene. The evidence regarding the placement of the various barricades was conflict-ing. The plaintiff's evidence had the lane below the bucket closed. Other witnesses testified that there were no barricades to prevent the defendant's truck from using the lane under the bucket and that the defendant's truck traveled through an open traffic lane. Additional facts will be discussed as they become relevant to the discussion of the issues.

■ In the plaintiff's first point, he argues that the trial court erred in reading a cautionary instruction to the jury regarding the testimony of the plaintiff's economist because the wording of the instruction cast doubt on the truthfulness of the plaintiff. The defendant objected to economist Ward's testimony as hearsay. The question to Ward included information that the plaintiff had told him about his injuries and his ability to perform household chores as well as a fact not in evidence. This information formed part of the basis for his expert opinion. The court overruled the defendant's objection, stating that the expert may base his opinion on hearsay. The defendant then asked for a clarifying instruction to limit the use of the hearsay testimony. After a bench conference with counsel, the court read the following instruction to the jury:

[I]n the testimony of this witness you will be hearing ... facts gathered by this witness as he gathered the facts necessary to form an opinion. When he states facts to you, that does not mean that they are true and they are not evidence of the truth of the fact to you.... If he should say to you someone told me a certain thing, that's not proof of that certain thing. Proof of the truth of that certain thing must come to you from witnesses who testify under oath or exhibits. But experts are permitted to gather facts to tell you what their opinions are, to give the factual basis for their opinion, and it's not proof to you of any fact that some interest—some person or book provided to him.... Anything this man learned from a book, and he tells you is something that's relied upon [by] economists, you may weigh that. If he talks to you about the physical condition of the Plaintiff and you have not heard evidence from other sources about that or

hear it later in the trial, this man's statement to you of physical condition of the Plaintiff is not proof of that fact.... As you hear his testimony, have in mind that economic matters are his area of expertise, and facts he obtained about the Plaintiff are not his area of expertise. He's just reciting the factual basis for his expert opinion in his field of expertise.

After the instruction was read to the jury, the plaintiff's attorney objected that the instruction improperly commented on the truthfulness of the information provided by the plaintiff.[1]

█ Proffered evidence which is admissible for one purpose may not be excluded because it may also be inadmissible for another purpose or not admissible against a co-party. *Elms v. Kansas City Pub. Serv. Co.*, 335 S.W.2d 26, 30 (Mo.1960); *Thigpen v. Dodd's Truck Lines, Inc.*, 498 S.W.2d 816, 818 (Mo.App.1973). If the evidence is admissible for one purpose but improper for other purposes, it should be received, subject to a limiting instruction, if requested. *Elms*, 335 S.W.2d at 30; *Thigpen*, 498 S.W.2d at 818.

█ If the defendant fails to seek an instruction limiting the purpose for which the evidence may be considered, he cannot later be heard to complain that the jury considered such evidence for the wrong purpose. *Thigpen*, 498 S.W.2d at 818. If he requests it, the objector has a right to an instruction limiting the extent to which and the purpose for which the jury may consider the evidence. *Heifner v. Synergy Gas Corp.*, 883 S.W.2d 29, 33 (Mo.App.1994). Conversely, when no request is made for a limiting instruction, no error exists when the trial court does not give the instruction. *Williams v. McCoy*, 854 S.W.2d 545, 558 (Mo.App.1993).

█ Cautionary instructions are well-established and are a necessary component to insuring a fair trial. *French v. Missouri Highway and Transp. Comm'n*, 908 S.W.2d 146, 152 (Mo.App.1995). The court and counsel should be confident that the jury will follow their oaths and render their verdict according to the evidence and the court's instructions. *Ingle v. Illinois Cent. Gulf R.R. Co.*, 608 S.W.2d 76, 84 (Mo.App.1980), *cert. denied*, 450 U.S. 916, 101 S.Ct. 1359, 67 L.Ed.2d 341 (1981). Whether to give a cautionary instruction is generally within the trial court's discretion. *McCormack v. St. Louis Pub. Serv. Co.*, 337 S.W.2d 918, 921 (Mo.1960). When exercising its discretion, the court should be guided by the degree to which the jury may be misled by the evidence. *Sampson v. Missouri Pac. R.R. Co.*, 560 S.W.2d 573, 584 (Mo. banc 1978).

Frequently, a jury should be given a clarifying instruction concerning the jury's use of the evidence. *Sampson*, 560 S.W.2d at 584. The trial court's cautionary instruction here was intended to limit the jury's evaluation of the expert's background information. The jury cannot be expected to make the legal distinction that the background information was to be considered by the jury as a basis for the expert's opinion and was not to be considered as proof of the truthfulness of the facts.

█ This court described the trial court's responsibility as a duty to direct the jury, but such an oral instruction should not be a misdirection, should not confuse the jury, or should not be inconsistent with the written instructions. *Riehle v. Broadway Motors, Inc.*, 350 S.W.2d 89, 94 (Mo.App.1961). Further, an oral instruction to the jury should not be upon any issue in the case. *Meyer v. Dubinsky Realty Co.*, 133 S.W.2d 1106, 1111–12 (Mo.App.1939).

In *Counts v. Thompson*, 359 Mo. 485, 222 S.W.2d 487, 493 (1949), the trial court was presented with the following question from the jury: "What is the maximum fee or percentage basis allowed by Missouri law to plaintiff's counsel?" The trial court orally responded that there was no such law and that it was a matter of contract between the parties and the question should not be considered by the jury. Our Supreme Court said:

The jury obviously needed further information and it was the duty of the judge to furnish it. Certainly our system of written instructions does not go so far as to re-

---

1. Technically, the trial court's admonition or direction to the jury is not an instruction, although we will refer to it as such for convenience sake. See MAI 4th, 2.01 Committee Comment [1991].

quire a trial judge to stand mute before the jury when they make such a request for information (citation omitted). There was nothing incorrect in what the judge said to the jury, and if defendant considered that more specific directions were necessary, it should have offered an additional instruction (citation omitted).

*Id.* 222 S.W.2d at 494.

The cautionary instruction given here lost some of its clarity by virtue of its length.[2] However, the court did not state, or infer, that the information provided to the expert by the plaintiff was untruthful. The court identified the background facts as those gathered by the expert from different sources. They were described as background facts upon which the expert based his opinion. The court told the jury that experts were permitted to do this. However, the court cautioned the jury that if the expert related some background fact which has not been received in evidence from some other source, the jury may not consider it as proof of that fact.

Although lacking in clarity, the instruction did not misdirect, was not misleading, nor was it in conflict with the written instructions of law. We are satisfied that the instruction met the test set forth in *Riehle*, 350 S.W.2d at 94–95.

The plaintiff's second point alleges that the trial court erred in denying his motion for a directed verdict and motion for a new trial because there was insufficient evidence as a matter of law to sustain the verdict. The plaintiff submitted his case on the defendant's failure to keep a careful lookout.

■■■■ On an appeal from a jury trial, we will consider the evidence in the light most favorable to the verdict below. *Swope v. Emerson Elec. Mfg. Co.*, 303 S.W.2d 35, 37 (Mo.1957), *cert. denied*, 355 U.S. 894, 78 S.Ct. 268, 2 L.Ed.2d 192 (1957). Issues relating to the weight, credibility, or the resolution of conflicts in testimony are not matters for appellate review. *Powell v. Norman Lines*, 674 S.W.2d 191, 197 (Mo.App.1984). The plaintiff bears the burden of proving that the defendant was negligent and that the injuries directly resulted from the defendant's negligence. *Joseph v. Orscheln Bros. Truck Line, Inc.*, 609 S.W.2d 238, 239 (Mo.App.1980); *Warren v. Thompson*, 862 S.W.2d 513, 514 (Mo.App.1993). Because the plaintiff has the burden of proof, a verdict in defendant's favor need not be supported by any evidence. *Warren v. Thompson*, 862 S.W.2d at 514. The trial court alone has the discretion to grant or deny a motion for new trial on the ground that the verdict was against the weight of the evidence. *Id.*

However, there was evidence that the Missouri Highway Department has regulations which provide for lane closure underneath extended boomer truck arms, and that the plaintiff had not closed the lane under which he was working. As the foreman, the plaintiff was responsible for closing the lane of travel under his bucket. There was also evidence that earlier that morning another truck had almost hit his bucket at another location, and that he was warned by a highway department supervisor to close the lane under his bucket. There were barrels and barricades directing motorists' attention through the intersection, thus putting the plaintiff particularly at risk because the lane under his bucket was open. Defendant Durham testified that he drove through the intersection following the barrels as they directed his travel. Point denied.

■■■■ In plaintiff's third point, he complains that the trial court erred in overruling his motion for a mistrial because defense counsel twice questioned witnesses about the plaintiff's possession and use of safety equipment, even though the court had sustained plaintiff's motion in limine on this question.[3] The plaintiff has not referred us to any point during the trial where he requested a mistrial. A careful search of the trial transcript reveals that plaintiff did not request a mistri-

---

2. The Bench conference was concerned with legal arguments regarding hearsay. Counsel and the court should have spent time composing a legally proper, concise cautionary instruction.

3. The trial court's ruling sustaining the motion in limine is interlocutory, subject to change during the trial. In spite of the court's ruling, defendant's questions about the safety belt were made without first conferring with the court and counsel out of the hearing of the jury. This violates the spirit of the movant's motion and the court's ruling. Although a movant's purpose is to keep inadmissible evidence from the jury, more often than not, the movant's purpose is to preclude the

al. Two factors bear upon this matter. The plaintiff's counsel first introduced the matter by asking venire members whether they would be influenced if they knew that the plaintiff had not been using his body belt. Second, the plaintiff objected both times when defense counsel asked about the body belt and safety equipment, and the court sustained the objections with the admonition to the defendant not to introduce the subject again. The plaintiff asked for no further relief. Where the trial court sustains an objection and no further relief is requested, there is nothing left for review. *Tobb v. Menorah Medical Ctr.*, 825 S.W.2d 638, 641 (Mo.App.1992). The plaintiff did not request a mistrial at any point during the trial, nor did he request any other relief from the court. He received the relief he requested. Point denied.

The judgment is affirmed.

SMART and LAURA DENVIR SMITH, JJ., concur.

subject from being introduced to the jury via voir dire questions, opening statement, or questions during trial. Neither the voir dire, opening statement, nor the question constitute evidence but, assuming the evidence is improper, the prejudicial impact of the question cannot be discounted. The subject of a motion in limine that has been sustained should not be introduced during the trial without first approaching the court, out of the jury's hearing, and advising the court and counsel as to the reason why the evidence may now be admissible.