ST. CHARLES PLASTIC DRAINBOARD CO., INC., a corporation, Plaintiff-Respondent,

v.

VENEERS, INCORPORATED, Defendant-Appellant.

No. 34668.

Missouri Court of Appeals, St. Louis District, Division Two.

April 24, 1973.

Thad F. Niemira, St. Louis, for defendant-appellant.

David R. Spitznagel, St. Louis, for plaintiff-respondent.

KELLY, Judge.

Plaintiff-respondent (hereinafter referred to as the plaintiff) a corporation engaged in the business of manufacturing and selling types of plastic and composition products commonly used for kitchen counter tops, brought this suit against the defendant-appellant (hereinafter referred to as the defendant) a distributor of various types of products used in the construction business, on open account for a balance due of $7,437.81. Defendant filed its Answer, Set-Off and Counterclaim. In its Set-Off defendant alleged an overcharge and a loss of $4,000.00 due to failure of the plaintiff to make timely deliveries. The Counterclaim was in two counts: Count I sought to recover $4,000.00 for failure of the plaintiff to make delivery on time of certain "post-form laminated plastic sink tops" ordered by the defendant from the plaintiff which caused defendant to sustain a loss in that amount, and Count II of the Counterclaim sought $6,740.02 for certain "special ordered and special milled flakeboard" ordered by plaintiff from defendant which, when fabricated, plaintiff refused to accept. The case was tried to a jury which found for the plaintiff on its cause of action in a sum of $7,383.56, and against the defendant on both counts of its Counterclaim. After adverse ruling on its motion for new trial defendant pursued its appeal.

Defendant's brief, in the Points Relied On section, presents for review the following:

"I. The Court erred in instructing the jury as per its Instruction # 2, which was in error in various ways.

II. The verdict of the jury was against the weight the evidence in that:

A. On plaintiff's cause of action, the jury ignored all of the uncontradicted and undenied evidence by which plain-

tiff's claim should have been offset and reduced;

B. On Count I of the defendant's counterclaim, the jury totally disregarded all of the defendant's uncontradicted and undenied evidence on this count;

C. On Count II of the defendant's counterclaim, the jury totally disregarded all of the evidence presented by the defendant on this count."

Rule 84.04(d), V.A.M.R. plainly sets out the standards to be met by the Points Relied On section of the brief filed in this court as follows:

"The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous * * * Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this rule."

The defendant has failed to comply with Rule 84.04(d).

■ With respect to Point I, defendant does not inform the court exactly how the trial court erred in giving Instruction No. 2, but only in general terms alleges error. Such general allegations of error with regard to the giving of instructions have been held to preserve nothing for review. Johnson v. Manwarren, 474 S.W.2d 342, 343[1] (Mo.App., 1971). We reaffirm this holding of the appellate courts of this state.

■ With respect to Point II and the subsections thereof, we again recognize a rule of long-standing that an assignment of error that "the verdict is against the weight of the evidence" preserves nothing for review by the appellate court in a jury tried action. Grubbs v. Myers, 407 S.W.2d 43, 44[2] (Mo.App., 1966). It is the function of the trial court to set aside a verdict which it believes to be against the weight

of the evidence in a case tried to a jury; not that of the appellate court. Parker v. Wallace, 473 S.W.2d 767, 772[7] (Mo.App., 1971).

■ And with respect to defendant's complaint that the jury totally disregarded its evidence with respect to set-off and counterclaim, we can only state that the jury, in our system, is free to do so since it alone is the judge of the credibility of the witnesses and the weight to be given to the evidence, and is free to believe or disbelieve any of the evidence presented to it in the course of the trial. Parks v. Midland Ford Tractor Co., 416 S.W.2d 22, 26[2] (Mo.App., 1967).

■ Defendant relies on 30 Am.Jur.2d 236, Evidence, sec. 1084 and 32A C.J.S. Evidence § 1038, p. 727 for the proposition that uncontradicted and undenied and undisputed evidence should not be arbitrarily rejected by the trier of the fact. Examination of the record causes us to conclude that defendant's attorney's characterization of his evidence as "undisputed" or "uncontradicted" may have been colored by his position as advocate for the defendant. Nevertheless, even were the evidence so, we would call to his attention the following at 32A C.J.S. Evidence § 1038, pps. 736–737:

"Accordingly, the general rule that uncontradicted evidence cannot be disregarded, or is to be taken as true, is subject to many qualifications and exceptions; and it has even been declared a general rule that the trier of fact may disregard or discount uncontradicted evidence. The common view is that evidence not directly contradicted is not necessarily binding on the triers of fact, and may, in proper circumstances, provided they do not act arbitrarily, be disbelieved and given no weight. * * *"

Examination of the record on appeal suggests to us that plaintiff disputed the right of recovery sought by the defendant

on its counterclaim and the cross-examination of Sam Berg, president of the defendant corporation, demonstrated that much of defendant's evidence in support of its counterclaim was based upon surmise and speculation, and unsupported by any business records or documentation. Much of the defendant's proof rested solely on Mr. Berg's credibility; this was a matter for the jury. Parks v. Midland Ford Tractor Co., supra, p. 26[1].

In passing we would note that respondent did not favor us with a brief, nor an appropriate motion. While it is not required that respondent do so, this practice has been characterized as neither "helpful nor commendable." Steve Vogli and Co. v. Lane, 405 S.W.2d 885, 888[1] (Mo., 1966).

Judgment affirmed.

SMITH, P. J., and SIMEONE, J., concur.