**Arthur C. McCARTY, Plaintiff-Respondent,**

v.

**Joseph M. DONAHUE, Defendant-Appellant.**

**No. KCD 27557.**

Missouri Court of Appeals, Kansas City District.

Nov. 29, 1976.

Motion for Rehearing and/or Transfer Denied Dec. 23, 1976.

Application to Transfer Denied Feb. 14, 1977.

**360**

Robert C. Jones, Jones & McDaniel, Kansas City, for defendant-appellant.

Michael H. Maher, Niles S. Corson, Kansas City, for plaintiff-respondent; Swanson, Midgley, Gangwere, Thurlo & Clarke, Kansas City, of counsel.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

Arthur McCarty submitted his case against Joseph Donahue to the jury on the theory McCarty had paid Donahue $8,000 for 245 shares of stock in an investigation service company, but Donahue failed to deliver such shares. The jury returned a verdict in favor of McCarty for $10,000, but in response to the court's order, McCarty entered a remittitur for $2,000 and the court entered judgment for $8,000 in favor of McCarty.

On this appeal, Donahue attempts to raise three points, but such points are found not to be reviewable. Affirmed.

Donahue sets forth the following points in his brief: (1) The court erred in overruling defendant's motion for a directed verdict made at the close of plaintiff's evidence and at the close of all the evidence. Appellant made a legal delivery to respondent of the stock certificate; (2) The court erred in giving Instruction No. III. It failed to submit whether appellant refused to deliver to plaintiff a stock certificate for 245 shares of stock in Kansas City Bureau of Investigation, Inc.; and (3) The court erred in permitting plaintiff to amend his petition immediately before trial by adding Count III.

With reference to the first point, the record shows Donahue filed a motion for directed verdict at the close of McCarty's evidence. Thereafter, Donahue offered evidence in his own behalf. In that situation, Donahue waived his motion for directed verdict made at the close of the plaintiff's evidence, and the court's ruling on that motion is not reviewable. *Garvis v. K Mart Discount Store*, 461 S.W.2d 317, 320[1] (Mo. App.1971).

The transcript does not show a motion for directed verdict made by Donahue at the close of all the evidence. Failing to make such motion, there is no ruling to be reviewed. The last sentence of this point is a mere abstract statement which does not present anything for review. Rule 84.04(d).

The second point attempts to obtain a review of the failure of Instruction No. III to submit Donahue's refusal to deliver the 245 shares of stock. This question was not included in Donahue's motion for a new trial. The only mention of Instruction No. III in the motion for a new trial alleged the Instruction was in error because it failed to require a finding that McCarty had paid the $8,000 consideration. By failing to include in his motion for a new trial the deficiency now alleged in this Instruction, this point cannot be reviewed. Rule 79.03; *Crystal Tire Co. v. Home Service Oil Co.*, 525 S.W.2d 317, 322[5] (Mo.banc 1975).

The third point attempts to have this court review the ruling of the trial court which permitted McCarty to amend his petition immediately before trial. However, this point fails completely to inform this court exactly how the trial court erred in permitting this amendment, but only states in general terms that such amendment was error. The point is required to state "wherein and why" the actions of the trial court are erroneous. Rule 84.04(d). Because this point failed to state wherein and why the court erred in permitting the amendment, the ruling in that regard is not preserved for review. *St. Charles Plastic Drain. Co., Inc., v. Veneers, Inc.*, 494 S.W.2d 696 (Mo.App.1973).

Since Donahue's points do not present matters which may be reviewed, the judgment is affirmed.

All concur.