Jerry JOSEPH and Harvey Howell, Appellants,

v.

ORSCHELN BROTHERS TRUCK LINE, INC., Respondent.

No. WD 30726.

Missouri Court of Appeals, Western District.

Dec. 2, 1980.

L. R. Magee, Kansas City, for appellants.

John Harl Campbell, Kansas City, for respondent.

Before KENNEDY, P. J., and PRITCHARD and SWOFFORD, JJ.

KENNEDY, Presiding Judge.

We affirm the judgment of the trial court in favor of the defendant based upon a jury verdict. The plaintiffs' case was for damages for personal injuries allegedly resulting from a collision between a pickup truck occupied by the plaintiffs and a hostling tractor belonging to the defendant Orscheln Brothers Truck Line.

Following is an account of the accident as drawn from the evidence:

Plaintiff Joseph was driving his 1969 Chevrolet pickup, in which plaintiff Howell was a passenger. Joseph was an employee of defendant. They were driving east on Gardner Avenue, in Kansas City, and had stopped for oncoming traffic to clear so that they could make a left–hand turn into defendant's premises. Joseph was on his way to work and Howell intended to pick up his truck which had been driven there by his brother. As plaintiff Joseph began the turn, the pickup was hit from the rear of the left side by the hostling tractor, owned by defendant and driven by another of defendant's employees (who was also the brother of plaintiff Howell). The date was January 3, 1974. The time was 10:45 p. m.

The driver of the hostling tractor testified that he saw the pickup truck with its turn–signal on and that he applied the brakes on the hostling tractor, but that it did not stop. There was testimony that recent inspections had shown the brakes to be inadequate. The case was submitted to the jury upon the negligence of defendant in using the truck when it knew or should have known about the defective condition of the brakes.

The jury, as earlier noted, returned its verdict for the defendant. Plaintiff filed a motion for a new trial, stating as grounds therefor that "the verdict is against the evidence" and "is against the greater weight of the credible evidence in the case". The motion for a new trial was overruled by the trial court.

The only allegation of error presented on this appeal is that the court erred in denying plaintiffs' motion for a new trial "because the evidence adduced by plaintiffs in the trial clearly established the negligence of the defendant in knowingly permitting a truck with defective brakes to operate on the public roads and that there is no other evidence from which the jury could find otherwise".

The burden was upon the plaintiffs to prove the negligence of defendant, and that such negligence directly resulted in plaintiffs' injuries. This they undertook to do by oral evidence. It was the prerogative of the jury to credit such testimony or to disbelieve the same. Even though all the

oral evidence might support plaintiffs' claim, yet the jury could disbelieve it if it chose to do so. *Cluck v. Abe,* 328 Mo. 81, 40 S.W.2d 558, 559 (1931); *Paris v. Keefhaver,* 512 S.W.2d 892 (Mo.App.1974).

It is not quite correct to say, as appellants do, that the defendant did not "actively contest" plaintiffs' claim of liability. It did not present any witnesses to contradict the testimony of plaintiffs' witnesses, but it did cross–examine plaintiffs' witnesses to bring out facts favorable to defendant and to impeach the credibility of witness Bill Howell, driver of defendant's truck and brother of one of the injured plaintiffs. Its oral argument to the jury contested its liability. It is not one of those cases where defendant, either in opening statement or in closing argument, admits liability. *See Rogers v. Thompson,* 364 Mo. 804, 265 S.W.2d 282, 287 (1954).

■ If the verdict was against the weight of the evidence, only the trial court can give relief. That ground was advanced in the motion for new trial, and denied by the trial court. We cannot overrule the trial court on that point. *Bakelite Company v. Miller,* 372 S.W.2d 867, 871–2 (Mo. 1963).

The judgment is affirmed.

All concur.