William GAMBRELL, Appellant,

v.

KANSAS CITY CHIEFS FOOTBALL CLUB, Respondent.

No. WD 31451.

Missouri Court of Appeals,
Western District.

Sept. 1, 1981.

H. George Lafferty, Jr., Kansas City, for appellant.

William J. Burrell, Kansas City, for respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

CLARK, Judge.

This is a breach of contract action in which Gambrell, a professional football player, sought payment of salary claimed due from the Kansas City Chiefs under his employment contract for the 1974 football season. A jury returned its verdict denying Gambrell's claim and he appeals.

The dispute which generated this suit centered on the extent and duration of Gambrell's disability from a back injury which he suffered during a pre-season game played August 17, 1974. Under the employment contract, a player injured in the course of practice or during a game is entitled to payment of his salary during his continued disability to the limit of the contract term. Although rendered inactive from August to October 1974 by reason of this injury, Gambrell continued to receive his regular salary from the Chiefs in accordance with the contract provision for dis-

abled players. The controversy involves Gambrell's claim that his salary should have continued thereafter until May 1975 when his contract expired.

In October 1974, Gambrell was examined by the Chief's team physician who pronounced Gambrell recovered and physically able to resume play. Gambrell disagreed complaining that his back injury persisted. Soon thereafter, the Chiefs released Gambrell from his contract, an option for unilateral termination available to the Chiefs under the contract whenever the coach determines that the player no longer has sufficient skill and capacity to perform the required caliber of football.

The option to terminate a player's contract is not available to relieve the team from the salary expense for injured and disabled players. Hence, if the August injury still rendered Gambrell incapable of resuming active play in professional football as of the date he was released from his contract, the Chiefs breached that contract and were liable to respond in damages. The evidence and jury submission focused on this sole, disputed issue—the extent and duration of Gambrell's disability attributable to the back injury. By its verdict, the jury necessarily concluded that Gambrell's evidence of his continuing disability after October 1974 was not persuasive and that the Chiefs were therefore entitled to release Gambrell and be relieved of expense for his compensation.

In this appeal, Gambrell contends trial errors were made in the following respects: (1) The verdict was not supported by any credible evidence because the Chiefs failed to prove Gambrell had fully recovered from the back injury when the employment contract was terminated; (2) The employment contract as an admitted exhibit should not have been given to the jury on request during deliberations because the contract included a prohibited clause obligating the parties to resolve contract disputes by arbitration; and (3) The jury was erroneously instructed to disregard a hypothetical question Gambrell's attorney attempted to ask a medical witness.

Gambrell's argument as to the first point contends that no evidence in the case proved him physically capable of playing professional football after his August injury and that the Chiefs therefore "did not meet the burden of proof for this element." Quite apparently, Gambrell's contention rests firmly on the assumption that a verdict in the case for the defendant could not have been validly returned unless the defendant's credible evidence satisfactorily proved the condition precedent to the contract termination option, Gambrell's recovery from his injury. The argument is fundamentally unsound and untenable as a matter of law.

The cause of action for breach of contract which Gambrell asserted cast upon him the burden to prove the breach. *Hayes v. Reorganized School District No. 4*, 590 S.W.2d 115, 116 (Mo.App.1979). The gravamen of Gambrell's suit was his contention that the otherwise acknowledged unilateral option of the Chiefs to release a football player when his professional skills were deemed inadequate was unavailable as to him because he continued to suffer the disability of his August injury. The burden was therefore on Gambrell to prove he was disabled at the time his contract was terminated, and that the disability was attributable to injuries sustained while performing his services for the Chiefs. Contrary to the assumption Gambrell indulges in his brief, the Chiefs in denying liability shouldered no burden of proof and, indeed, were not obligated to offer any evidence in order to prevail.

 Where the burden of proof is on the plaintiff and the plaintiff's evidence is not legally conclusive, a verdict in defendant's favor requires no evidentiary support because the jury may disbelieve plaintiff's uncontradicted or uncontroverted evidence. *Bakelite Company v. Miller*, 372 S.W.2d 867, 871 (Mo. 1963). A defendant who denies liability need not introduce any evidence and a verdict in defendant's favor therefore requires no evidentiary support. *Scott v. Gray*, 337 S.W.2d 38, 41 (Mo. 1960).

The terms of Gambrell's contract with the Chiefs were uncontested including the option of the employer to release any player who did not demonstrate requisite playing ability. To avoid this consequence and thus establish a breach of the contract by the Chiefs, Gambrell was obligated to prove by a preponderance of the evidence that he was physically incapable of resuming play in professional football at the time of his release by the Chiefs. If, as Gambrell contends, the evidence in the case was all supportive of his claim that he had not recovered from the August injury by October when he was released, the jury's verdict demonstrates that it found the evidence to that effect unpersuasive. That alone is sufficient to sustain the verdict because a defendant's verdict, requiring no evidentiary support, may rest on the jury's disbelief of all the evidence. The complaint that the verdict was not supported by the evidence is inappropriate here and is without merit.

While the foregoing discussion of Gambrell's first point addresses the substance of the contention, the formal content of the point claims that the trial court erred in failing to direct a verdict for Gambrell or to grant him a new trial. The relief is procedurally unavailable.

As to the claim of entitlement to a directed verdict, a review of this record discloses that Gambrell made no motion in the trial court for a directed verdict at the close of the evidence. Where no motion is made for a verdict on the issue of liability and the case is submitted to the jury on the appellant's theory of liability, the issue is not available for review on appeal. *Parsons Construction Co. v. Missouri Public Service Co.*, 425 S.W.2d 166, 171 (Mo. 1968); *McCarty v. Donahue*, 545 S.W.2d 359, 360 (Mo. App.1976). The appellate court may not convict the trial court of error for failing to take action which was never requested. *Hollocher v. Taylor*, 506 S.W.2d 105, 107 (Mo.App.1974).

The alternative claim by Gambrell that the ground asserted in his first point warranted a new trial is not enlarged upon in argument and is essentially incompatible with the contention that a verdict for plaintiff should have been directed. If, however, Gambrell is arguing that a new trial should have been ordered because the verdict was against the weight of the evidence, that contention is not cognizable on appeal. The award of a new trial on the ground that a verdict is against the weight of the evidence depends on the exercise of judicial discretion by the trial court. That relief is only available in the trial court and once denied there, the issue is finally concluded because the appellate court may not overrule the decision of the lower court on the point. *Bakelite Company v. Miller, supra,* 372 S.W.2d at 872; *Joseph v. Orscheln Bros. Truck Line, Inc.,* 609 S.W.2d 238, 240 (Mo. App.1980).

Gambrell's second point involves the player contract received in evidence as plaintiff's exhibit 6 and comprising the document establishing employment of Gambrell by the Chiefs and the respective rights and duties of the parties. As noted above, the contract included an arbitration clause which obligated the player and the team employer to submit all disputes to the commissioner of the National Football League for final, unappealable decision. During its deliberations, the jury requested that the contract document be given to them and the court, over Gambrell's objection, acceded to the request. Gambrell now contends that it was error to permit further inspection of the contract by the jury because the arbitration clause was "illegal."

Apart from the fact that Gambrell establishes no correlation between the arbitration clause and the verdict returned and would encounter difficulty in doing so because compulsory arbitration was never an issue in the case, the argument fails because any error originating in the content of the contract was introduced in the case by Gambrell. The contract in its entirety was offered in evidence by Gambrell and was one of plaintiff's principal exhibits. No request was made during trial to mask off or conceal from the jury any portion of the contract. Moreover, Gambrell's attorney in the direct examination of a witness called

attention to the arbitration provision in the circumstance of a dispute as to a player's injury and requested the witness to read a portion of the contract to the jury.

 A party may not complain of alleged error which his own conduct creates. *M & A Electric Power Cooperative v. Nesselrodt*, 509 S.W.2d 468, 471 (Mo.App.1974); *Benjamin v. Benjamin*, 370 S.W.2d 639, 643 (Mo.App.1963). Once the court has received an item in evidence as an exhibit, that evidence should be made available to the jury on an equal basis with all other evidence in the case. *Freeman v. Kansas City Power & Light Co.*, 502 S.W.2d 277, 282 (Mo.1973); *Pannell v. Missouri Insurance Guaranty Association*, 595 S.W.2d 339, 355 (Mo.App.1980). Disposition of a request from the jury during deliberations for exhibits used at trial and admitted in evidence rests within the sound discretion of the trial court. *Zagarri v. Nichols*, 429 S.W.2d 758 (Mo.1968).

Under the circumstances here, Gambrell has no ground to complain that the trial court allowed the jury to inspect the contract during deliberations when the exhibit had been offered and used by Gambrell during trial. The court did not abuse its discretion by sending the exhibit to the jury room.

In his final point, Gambrell complains of a purported ruling by the trial court which precluded his use of a hypothetical question in the interrogation of a medical witness. That question involved as an assumed fact a statement made by another physician. Gambrell argues that the question was pertinent and exclusion of the evidence which would have resulted was prejudicial to him.

Examination of the transcript dispels any basis for or substance to the complaint now advanced. Defendant's objection to the hypothetical question was overruled and Gambrell's attorney was permitted to ask and the witness was permitted to answer the question, including the language which Gambrell asserts was excluded. The point

is without merit because it is refuted by the transcript content.

The judgment is affirmed.

All concur.