**William D. CASTLE and Nancy Castle,**
**Plaintiffs-Appellants,**

v.

**MODERN FARM EQUIPMENT CO.**
**and Sperry New Holland,**
**Defendants-Respondents.**

**No. WD 38650.**

Missouri Court of Appeals,
Western District.

May 19, 1987.

George A. Spencer, Columbia, Cyril M. Hendricks, Jefferson City, for plaintiffs-appellants.

Michael R. Baker, Knight, Ford, Wright, Atwill, Parshall & Baker, Columbia, for defendant-respondent Sperry New Holland.

David A. Oliver, Oliver, Walker, Carlton & Wilson, Columbia, for defendant-respondent Modern Farm Equipment Co.

Before KENNEDY, P.J., LOWENSTEIN and GAITAN, JJ.

LOWENSTEIN, Judge.

Appellants William D. Castle and Nancy Castle brought suit for breach of implied warranty on a combine manufactured by respondent Sperry New Holland and purchased from respondent Modern Farm Equipment. The Castles appeal from a jury verdict for respondents. This court affirms.

The Castles purchased the combine from Modern Farm in June, 1982 to use for wheat and bean harvesting. The Castles' son, Todd, who operated and maintained the combine, immediately discovered that the combine blew wheat out of the back of the machine onto the ground. A Modern Farm mechanic, who was called to fix the "blow-over" problem, saw Todd operating the combine and told Todd to slow the combine down two gears. Todd said he would not get anything done if he drove the combine so slowly. The mechanic checked and adjusted the combine but was unable to find a problem in the machine that would cause wheat blow-over. A few weeks later, Norman Anderson, a Sperry New Holland Field Representative, came to the Castles' farm to check the combine after the Castles called complaining of blow-over. Anderson found that the auger sweeps on the combine were installed backwards and said this could have caused the grain loss. Anderson installed the auger sweeps correctly and made other adjustments to the combine. The Castles used the combine for the rest of the 1982 harvesting season but continued to experience bean and grain loss because of blow-over. Modern Farm worked on the machine after the 1982 season at the Castles' request.

During the 1983 season, the combine continued to blow-over unacceptable amounts of wheat and beans. Modern Farm was again called out to the Castles' farm to look at the combine but the blow-over problem persisted. All repairs to the combine during this period were completed by Modern Farm free of charge.

After the 1983 season, the Castles brought the combine in to Modern Farm for repairs. Modern Farm tuned the combine and fixed broken and damaged parts. Todd came to pick the combine up before the start of the 1984 season and was told the repairs would cost $1300. Todd wrote a check for that amount but William Castle later stopped payment on the check. The Castles used the combine during the 1984 harvest although the combine still blew out wheat and beans. All repairs to the combine during the 1984 season were made by persons other than respondents. In the

spring of 1985, Modern Farm repossessed the combine with the Castles' consent after the Castles had failed to make payments on their note.

The Castles then filed suit against respondents alleging breach of implied warranty of merchantability. The Castles sought $56,723.28 paid for the combine, cancellation of the balance due on the combine contract of purchase, punitive damages of $20,000 and other damages for repairs and loss of grain or seed.

At trial, respondents introduced evidence through the testimony of Anderson, Steven Johnson and Tom Riley that operator abuse and neglect caused the combine to perform improperly. Anderson examined the combine in 1984 and 1985. He testified that the combine was in poor condition because it had hit and run through foreign objects. He said the damage from the foreign objects would cause grain loss. Anderson stated that he found no defect in the design or manufacture of the machine which would cause grain loss. Anderson testified at trial via a videotaped deposition. Appellants raised no objections to the content of Anderson's testimony.

Steven Johnson, a service engineer for Sperry New Holland also testified. He examined the combine in October, 1985 and said he found no design or manufacturing defect in the machine. Johnson did find numerous problems in the combine which might cause grain loss. He stated these problems were due to owner abuse, damage from foreign objects and improper operator maintenance.

Tom Riley, who purchased the combine after it was repossessed from the Castles also testified. Riley said the combine was in a "very rough condition" due to "owner fatigue." Riley repaired the combine, used it to harvest soybeans and found it to be a "very well-running machine."

William Castle and Todd Castle both testified to the persistent blow-over problem of the combine during the 1982, 1983 and 1984 seasons. They also described their unsatisfactory attempts to get respondents to fix the combine. Both testified that the combine was properly operated and maintained.

At the close of the evidence, the trial court instructed the Castles that they could not argue consequential damages for the 1983 and 1984 seasons. The instruction given to the jury on damages however, was patterned after MAI 4.17 and did not limit damages to 1982. The jury returned a verdict for respondents and the Castles bring this appeal. This court must review the evidence in the light most favorable to respondents, give them the benefit of all reasonable inferences and disregard appellants' evidence except as it may support the verdict. *Marshall v. Edlin*, 690 S.W.2d 477, 479 (Mo.App.1985).

■ The Castles first claim that Anderson's, Riley's and Johnson's testimony about the condition of the combine in 1984 and 1985 was irrelevant and immaterial because appellants could only argue damages for the 1982 season. The condition of the combine in 1984 and 1985 is not probative of its condition in 1982 and therefore, according to the Castles, the testimony was improperly admitted. The trial record reveals that Anderson's testimony was admitted without objection. The Castles did object to the subsequent testimony of Johnson and Riley on this issue. However, those objections came too late. "One cannot be heard to complain of the admission of testimony over his objection where evidence of the same tenor has been admitted without his objection." *Anderson v. Burlington Northern R. Co.*, 700 S.W.2d 469, 476 (Mo.App.1985). By not objecting to the testimony of Anderson, appellants waived any complaints about testimony on the same issue by Johnson and Riley. *Mathews v. Chrysler Realty Corp.*, 627 S.W.2d 314, 319 (Mo.App.1982). This court declines to consider appellants' claim under plain error review. *Speicher v. Dunn*, 530 S.W.2d 45, 48 (Mo.App.1975). Plain error should not be invoked to excuse a failure to object. *Mueller v. Storbakken*, 583 S.W.2d 179, 1986 (Mo. banc 1979). It should only be invoked when the circumstances demonstrate a manifest injustice or a miscarriage of justice. *Davis v. Mathews*, 649 S.W.2d

256, 258 (Mo.App.1983). No such circumstances exist here. This point is denied.

■ Appellants next argue that they were improperly precluded from arguing damages for the 1983 and 1984 crop seasons. There are two problems with this contention. First, the instructions to the jury on damages were patterned after MAI 4.17 and did not expressly limit damages to 1982. Second and most importantly, the jury found for Modern Farm and and Sperry New Holland on the issue of liability. There is no reason to believe the verdict would have been different if appellants had argued damages for 1983 and 1984. Consequently, any error in the measure of damages was harmless. *Roach v. Consolidated Forwarding Co.*, 665 S.W.2d 675, 681–82 (Mo.App.1984). *Catloor v. Wells,* 663 S.W.2d 403, 404 (Mo.App.1983). The Castles' second point is denied.

■ The appellants next claim the trial court should have granted their motion for a new trial because the verdict was against the weight of the evidence. Weighing the evidence is within the exclusive province of the trial court. *Mathews, supra,* at 319. This court cannot rule on the weight of evidence in a jury tried case. *Marshall, supra,* at 479. "The burden is on the plaintiff, not the defendant, to make a case, and even if the defendant offers no evidence, the jury is the proper judge of the credibility of the witnesses." *Mathews, supra,* at 319. This point is denied.

■ The appellants' fourth point is that the court improperly permitted respondents to cross-examine William Castle about another lawsuit in which Castle was involved. Appellants claim the cross-examination was improper because it elicited irrelevant, immaterial and prejudicial evidence. This argument fails for several reasons. First, at the time of the cross-examination, the evidence of the other suit was relevant to the issue of damages. The cross-examination showed Castle had filed a counterclaim in a suit brought against him by a seed supplier. In the counterclaim, Castle claimed damages to his 1984 bean crop. At this trial, Castle testified that his 1984 bean crop was damaged be-

cause of combine blow-over. The evidence of the counterclaim in the other suit then was relevant to show Castle was alleging substantial damage to the same 1984 bean crop for other reasons. Although the appellants were later precluded from arguing damages for the 1983 and 1984 seasons, at the time of the cross-examination no such limitation existed. Second, the scope of permissable cross-examination is left to the broad discretion of the trial court. *Frank v. Environmental Sanitation Management, Inc.,* 687 S.W.2d 876, 884 (Mo. banc 1985). Absent an abuse of discretion, the trial court's ruling will not be disturbed. No abuse of discretion has been shown here. The appellants' fourth point is denied.

■ Appellants' final point is that respondents' evidence of improper speed, use and maintenance should have been excluded. Appellants believe this evidence was inadmissable because it injected contributory negligence principles into this strict liability case. Appellants rely upon *Lippard v. Houdaille Industries,* 715 S.W.2d 491 (Mo. banc 1986). Appellants' argument misconstrues the holding in *Lippard.* The court in *Lippard* stated that a plaintiff's contributory negligence is not at issue in a strict liability case and should neither defeat nor diminish recovery. *Lippard, supra,* at 493. The court added however, that such negligence may be used as evidence that the product is not defective or to show the defects in the product did not cause the injury. These arguments, however, are only "traversing claims not appropriate for instruction," *Lippard* at 493. As the court stated in *Barnes v. Tools & Machinery Builders,* 715 S.W.2d 518, 522 (Mo. banc 1986), "the defendant is entitled to argue that ... the alleged defects did not cause the accident." *See also Love v. Deere & Co.,* 720 S.W.2d 786, 788 (Mo.App. 1986).

Here, respondents were entitled to show the combine was not defective and show the crop loss was caused by operator abuse and neglect of the combine. The jury was never instructed on contributory negligence so appellants were not, unlike the

appellants in *Lippard* and *Barnes,* "encumbered by an erroneous contributory fault instruction." *Barnes* at 522. Respondents' arguments were proper and appellants have failed to demonstrate otherwise. This point is denied.

The judgment of the trial court is affirmed.

All concur.