Larry K. WARREN and Larry K. Warren, Jr., a Minor, By and Though His Mother and Next Friend, Elizabeth M. Warren, Appellants,

v.

Kimberly THOMPSON and American Family Mutual Insurance Company, Respondents.

No. WD 47124.

Missouri Court of Appeals, Western District.

Oct. 12, 1993.

---

**514**

Dennis D. Goodden, Independence, for appellants.

Danna D. Brabender, Kansas City, for respondent Kimberly Thompson.

Patrick Mark Reidy, Kansas City, for respondent American Family Mut. Ins. Co.

Before ULRICH, P.J., and BERREY and SMART, JJ.

PER CURIAM:

In a negligence action resulting from an automobile collision, the jury rendered verdicts against the plaintiffs, Larry K. Warren and his minor son, Larry, Jr. The Warrens moved for a new trial on the ground that the jury verdict was against the weight of evidence. After the trial court overruled that motion, the Warrens instituted this appeal.

The judgment is affirmed.

■ Because the plaintiff has the burden of proof, a verdict in defendant's favor need not be supported by any evidence. *Bakelite Co. v. Miller*, 372 S.W.2d 867, 871–72 (Mo. 1963). Therefore, the evidence need not be recounted because the sufficiency of the evidence to support a defendant's verdict is not a question amenable to appellate review. *Id.*

■ The Warrens' sole point on appeal presents nothing for appellate review. The Warrens assert error in the trial court's denying them a new trial on the ground that the jury verdict was against the weight of the evidence. However, weighing evidence remains a trial court function. *Castle v. Modern Farm Equip. Co.*, 729 S.W.2d 650, 653 (Mo.App.1987). An appellate court cannot rule on the weight of the evidence in a jury-tried case. *George v. Eaton*, 789 S.W.2d 56, 61 (Mo.App.1990).

■ Reasons for this longstanding rule abound. The plaintiff bears the burden to prove that the defendant was negligent and that the injuries directly resulted from the defendant's negligence. *Joseph v. Orscheln Bros. Truck Line, Inc.*, 609 S.W.2d 238, 239 (Mo.App.1980). When the plaintiff relies on evidence that is not legally conclusive, the defendant need not present evidentiary support and may rest on the plaintiff's failure to meet the burden of proof. *Bakelite*, 372 S.W.2d at 872. The jury determines credibility. *Castle*, 729 S.W.2d at 653. The trial court alone has discretion to grant or deny a motion for new trial on the ground that the verdict was against the weight of the evidence. *Gambrell v. Kansas City Chiefs Football Club*, 621 S.W.2d 382, 385 (Mo.App. 1981); *Joseph*, 609 S.W.2d at 240. The trial court's overruling a motion for new trial on that ground constitutes a conclusive determination that cannot be overturned on appeal. *Bakelite*, 372 S.W.2d at 872; *Gambrell*, 621 S.W.2d at 385; *Joseph*, 609 S.W.2d at 240.

The judgment of the trial court is affirmed.