Francis C. NASH, Plaintiff–Appellant,

v.

OZARK BARBEQUE, INC., Raphael H. Mack, Joan H. Mack, Michael L. Mack, James Neff, and Water Consultants, Inc., d/b/a Kinetico, Defendants–Respondents.

No. 19519.

Missouri Court of Appeals,
Southern District,
Division Two.

June 30, 1995.

354

Janice P. Noland, Cynthia N. Dunbar, Noland and Associates, P.C., Camdenton, for plaintiff-appellant.

Mark A. Ludwig, Charles J. McPheeters, Carson & Coil, P.C., Jefferson City, for defendants-respondents Ozark Barbeque, Inc., Raphael H. Mack, Joan H. Mack, Michael L. Mack and James Neff.

Jeffrey O. Parshall, Susan Ford Robertson, Knight, Ford, Wright, Atwill, Parshall & Baker, Columbia, for defendant-respondent Water Consultants, Inc., d/b/a Kinetico.

GARRISON, Presiding Judge.

This appeal is from a judgment entered on a defendants' verdict in a suit filed by Appellant, Francis C. Nash, in which she sought damages for the alleged contamination of her water well. Her suit was against Respondents Ozark Barbeque, Inc. (Ozark Barbeque), Raphael (Ray) Mack, Joan Mack, Michael Mack, James Neff, and Water Consultants, Inc., d/b/a Kinetico (Water Consultants). The suit proceeded to trial on Appellant's first amended petition which was based on theories of nuisance, statutory violation, and negligence and which sought not only actual but also punitive damages.[1]

On this appeal Appellant complains about the trial court's refusal to give certain verdict directing instructions, in overruling her motion for judgment notwithstanding the verdict or for a new trial, and in refusing to permit the issuance of post trial subpoenas to jurors for investigation of alleged misconduct.

Appellant owned a house and lot which joined property owned by Respondents Raphael Mack and Joan Mack, and which was possessed by Ozark Barbeque and used for restaurant purposes. Raphael Mack and Joan Mack, as well as Michael Mack and James Neff, were officers and/or directors of Ozark Barbeque. In 1987 a water softener was installed in the well house of the Ozark Barbeque property by Water Consultants and the discharge hose was placed in a floor drain. When the discharge apparently backed up and flowed across the parking lot, either Jim Neff or Ray Mack placed the discharge hose into an old well which was also located in the well house. Appellant contended that the discharge placed in the old well communicated to her well, contaminating the water and causing damage to plumbing and appliances in her house.

It is necessary that we first review motions filed by the parties relating to this appeal. On the same day that they filed their briefs, Respondents Ozark Barbeque, Ray Mack, Michael Mack and Jim Neff filed a Motion To Dismiss Appeal based on deficiencies in Appellant's brief. That motion was taken with the case for ruling at this time. Appellant filed suggestions in opposition to the motion to dismiss the appeal and also sought leave to file an amended Appellant's brief. That request was also taken with the case. Appellant's motion to file an amended brief cites no authority in support and was filed after Respondents filed their briefs and on the same day Appellant filed her reply brief. Appellant's motion is hereby overruled.

Appellant's brief violates several requirements of Rule 84.04.[2] Her statement of facts violates Rule 84.04(c) which requires that it "shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." An example is the following excerpt:

> From late 1987 to September 1990, Defendant Ozark Barbeque, Inc., through its officers and directors, being in possession of the tract of land owned by the Mack's [sic], did dispose water softener backwash into the abandoned well and caused contamination of Plaintiff's well on Plaintiff's property. Plaintiff's well became unfit for human consumption and the drain tile, the plumbing and appliances were damaged so the premises were rendered unfit for habitation.

That and other significant portions of the statement of facts are not supported with citations to the record on appeal in violation of Rule 84.04(h) which provides that "[a]ll statements of fact and argument shall have specific page references to the legal file or the transcript." In fact, the statement of facts covers six pages and there are a total of nine citations to the record on appeal. Those citations include "(TR. p. 461–599)" and "(Tr. p. 597–642)" rather than "specific page references." The argument portions of the brief contain only three citations to the record on appeal. The significance of these omissions is highlighted by the fact that the record on

---

1. Joan Mack's motion for a directed verdict at the close of plaintiff's case was sustained. Likewise, the court entered a directed verdict in favor of all defendants on the issue of punitive damages.

2. All references to rules are to Missouri Rules of Court, V.A.M.R.

appeal consists of two volumes of legal file totalling 510 pages and three volumes of transcript totalling 986 pages.

■ Rule 84.04(d) provides that points relied on "shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous...." It further provides that "[s]etting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule." See the oft cited case of *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978), for a thorough discussion of the requirements of a point relied on. In the instant case, each of Appellants points relied on violates Rule 84.04(d). They are:

## POINT I

The Court erred in refusing Plaintiff's instructions A, B, C, D and E, the verdict directors, of Plaintiff and issued verdict directors which added a clause stating the Defendants knew or should have known that the water softener back-wash would enter the ground water supply, and which additional requirement led the jury into an erroneous verdict.

## POINT II

The Court erred in refusing to allow the motion for judgment notwithstanding the verdict or a motion for new trial because the verdict was against the weight of the evidence in that the evidence presented at trial was uncontroverted as to Defendants' negligence and therefore had to be expressly disregarded in order to enter a verdict in favor of Defendants.

## POINT III

The Court erred in refusing to allow the motion for judgment notwithstanding the verdict or a motion for new trial because the verdict was against the weight of the evidence and such verdict was entered due to the fact that the jury was allowed to be confused and distracted because they were forced to endure undue hardship by having to hear excessive amounts of evidence and yet be required to remain to enter their verdict.

## POINT IV

The trial court erred in refusing to allow the issuance of subpoenas to question the jurors on allegations of misconduct because such allegations of misconduct gave rise to a very distinct possibility of prejudice of the jury, and therefore, for the trial court to expressly deny evidentiary hearing on Plaintiff's allegation of juror and defendant misconduct is reversible error.

Defective points preserve nothing for appellate review but we are permitted to examine the argument portions of the brief to determine whether there has been plain error affecting substantial rights which, though not properly preserved, may have resulted in a manifest injustice or a miscarriage of justice. *Hoffman v. Koehler*, 757 S.W.2d 289, 292 (Mo.App.S.D.1988); Rule 84.13(c). Despite the several violations of Rule 84.04, we have, with some hesitancy, determined to overrule the motion to dismiss this appeal and to make an ex gratia review for plain error based upon what we can glean from the argument sections of Appellant's brief to be the contentions on appeal.

Appellant's first point is premised on trial court error in the refusal of her tendered verdict directing instructions A, B, C, D and E. Those instructions were identical except for the designation of the Respondent to which each applied and would have authorized a recovery if the jury believed:

First, defendant ... discharged or caused to be discharged water softener backwash into an abandoned well, and

Second, defendant ... was thereby negligent, and

Third, as a direct result of such negligence plaintiff sustained damage.

The verdict directing instructions given by the trial court were the same except that the following paragraph was added to each after paragraph First:

Second, defendant ... knew or should have known that the water softener back-

wash would enter the ground water supply, and

Appellant argues that, in the instant case, knowledge was not a necessary element to establish a duty of care owed by the various Respondents. Under the circumstances of this case, we need not determine that issue, however.

The record before us indicates that after the trial court refused Instructions A, B, C, D and E tendered by Appellant, there was a discussion off the record. Immediately following that, the record indicates that Appellant tendered the verdict directing instructions which were given by the trial court and which she now claims were erroneous. These instructions bear the designation "Tendered by plaintiff." Appellant's trial counsel, although given an opportunity to object to the instructions to be given, announced that he had no objections except as already made. The record does not include any such objections.

■ A party may not complain on appeal about an instruction offered by that party. *Anglim v. Missouri Pacific R. Co.*, 832 S.W.2d 298, 308 (Mo. banc 1992); *Balderree v. Beeman*, 837 S.W.2d 309, 325 (Mo.App. S.D.1992); *Beeny v. Shaper*, 798 S.W.2d 162, 163–165 (Mo.App.E.D.1990). This rule forecloses Appellant's contention based on the record before us. Having failed to find plain error, we deny Appellant's first point.

Appellant's second point alleges that the trial court erred in denying her motion for judgment notwithstanding the verdict or for a new trial because the verdict was allegedly against the weight of the evidence and because there was no substantial evidence to support it. In the argument section of her brief, Appellant makes numerous statements about the testimony of various witnesses in an effort to demonstrate that the weight of the evidence required a contrary result.[3]

■ This point is not well taken for several reasons. Appellant did not file a motion for directed verdict at the close of all

of the evidence. In the absence of such a motion, she cannot complain that the trial court denied her motion for a judgment notwithstanding the verdict. *White v. Land Clearance For Redevelopment Authority*, 841 S.W.2d 691, 694 (Mo.App.W.D.1992). Additionally, denial of a motion for new trial is not an appealable order. *Id.*

■ A claim that a verdict is against the weight of the evidence is solely an issue for the trial court and presents nothing for appellate review. *Warren v. Thompson*, 862 S.W.2d 513, 514 (Mo.App.W.D.1993). Likewise, an allegation that a defendant's verdict is not supported by substantial evidence is not a question for appellate review because the plaintiff has the burden of proof and a defendant's verdict need not be supported by any evidence. *Id.*

Finally, Appellant cites *Murphy v. Carron*, 536 S.W.2d 30 (Mo.1976), as her sole authority in support of this point. That case, however, establishes the standard of review for court-tried cases. *Id.* at 31. This was a jury trial.

Appellant's second point is devoid of merit and is denied.

In her third point, Appellant again contends that the trial court erred in denying her motion for judgment notwithstanding the verdict or for new trial because the verdict was against the weight of the evidence. In support of this point, she states that "the jury was allowed to be confused and distracted because they were forced to endure undue hardship by having to hear excessive amounts of evidence and yet be required to remain to enter their verdict." This apparently refers to the fact that the evidence was concluded at approximately 5:40 p.m., the case was submitted to the jury at 9:23 p.m., and it reached its verdict at 11:25 p.m.[4]

The only case Appellant cites in support of this point is *State v. Cochrell*, 492 S.W.2d 22 (Mo.App.E.D.1973), which contains the statement that "[t]he jury must be given sufficient

---

3. She fails, however, to provide any page references to the record in support of those statements.

4. Appellant does not explain how the verdict could be against the weight of the evidence because of the fact that the case was submitted to the jury at that hour.

time to deliberate...." *Id.* at 27. In that case, however, the court approved the giving of the "hammer instruction" in a criminal case. It hardly provides authority in support of Appellant's contention here.

For the same reasons specified in our discussion of point two, Appellant is entitled to no relief from the denial of her motion for judgment notwithstanding the verdict or for new trial and will not be heard on appeal to contend that the verdict was against the weight of the evidence. Additionally, her contention that the trial court erred by requiring that the case be submitted to the jury at 9:20 p.m. is not supported by the record.

■ When evidence was concluded at 5:30 p.m. the trial court inquired of the jury if they had a problem with or were too tired to return after dinner for the reading of instructions, closing arguments, and submission of the case. None of the jurors objected to that procedure, although the court made it clear that they were not required to continue that evening and would not be required to continue deliberations if it got too late and they were tired. Appellant's trial counsel made no objection at that time, when the case was argued, or when the jury retired to commence deliberations at 9:23 p.m. Likewise, Appellant voiced no objection when the jury returned its verdict at 11:25 p.m. until after the verdict against her was announced. At that time, Appellant's trial counsel stated that "I believe that keeping the jury here until 11:20 on the same evening was greatly prejudicial to plaintiff's case...." The trial court made the following record at that time:

I want to make a record also. The Court, prior to the jury receiving this case this evening, gave the jurors the option of taking the case tonight or coming back tomorrow. The jurors indicated that they wanted to do the case tonight. When the instructions took longer to do than what we had anticipated and it was eight o'clock, the Court again inquired of the jurors whether they wanted to take the case tonight or come back in the morning, and the

jurors indicated they wanted to do the case tonight.

At the point when a note was returned by the jurors to the Court at 10:22, the Court told the bailiff at that time that if the jurors indicated that they were tired and wanted to come back tomorrow, we could do that. The indications were the jurors wanted to continue, and the same was true at 11:15 p.m. ...

■ The trial court has a great deal of discretion in determining the length of time a jury may be kept together on any given day. *Nash v. Plaza Electric, Inc.,* 363 S.W.2d 637, 641 (Mo.1962). In *Smith v. Homestead Distributing Co.,* 629 S.W.2d 454, 457 (Mo.App. S.D.1981), this court affirmed a verdict where the case was submitted to the jury at 10:30 p.m. after the court gave them the option of continuing or recessing until the following day. Like the instant case, the jury chose to continue that evening and plaintiffs did not object. As in *Smith,* there was no abuse of discretion here. Appellant's third point is denied.

In her fourth and final point, Appellant contends that the trial court erred in failing to allow jurors to be subpoenaed to answer questions about alleged juror misconduct and in failing to permit an evidentiary hearing on those allegations. This apparently refers to a contention that one of the individual defendants was seen talking with jurors, and one juror had not admitted knowing one of the defendants but had actually square danced in the same group.

Trial of the instant case concluded on January 5, 1994 and was followed by Appellant's Motion For Judgment Notwithstanding The Verdict Or, In The Alternative, Motion For New Trial filed on January 20, which was overruled on April 12, 1994. That motion did not refer to any of the matters referred to in this point.

On March 31, 1994, Appellant served notices to take the depositions of four of the jurors.[5] On April 4, she filed her affidavit stating that during the trial she had observed Respondent Raphael Mack greet the jurors as they came in each day, he would follow

5. Those notices were eventually quashed.

them out as they left the room, and on more than one occasion she saw him on the stairway with jurors. She also filed the affidavit of another person stating that she had seen Raphael Mack talking to one of the jurors on one occasion. Raphael Mack then filed his affidavit on April 12 saying that he had not discussed the case with any juror or attempted to influence them and that any words passed between him and jurors during the trial were merely greetings.

██ It is significant that Appellant now claims to have observed Respondent Raphael Mack having contact with jurors during the trial but did not raise the issue at that time or in her after trial motion. "A party cannot witness misconduct on the part of the court or the jury and sit by and wait the result of the verdict, and then, if it proves to be against him, object to the alleged misconduct." *Disbrow v. Boehmer,* 711 S.W.2d 917, 927 (Mo.App.E.D.1986). *See also Boedges v. Dinges,* 428 S.W.2d 930, 934 (Mo.App.E.D. 1968).

Additionally, the affidavits concerning the alleged contact between jurors and Respondent Raphael Mack were filed more than 30 days after the entry of judgment in the instant case and were therefore filed after the time within which motions for new trial must be filed pursuant to Rule 78.04. In *Greco v. Robinson,* 747 S.W.2d 730, 734 (Mo.App.E.D. 1988), affidavits concerning a matter not included in the motion for new trial were filed as attachments to suggestions in support of the motion. The court said:

> A party may not add a new point to a motion for new trial under the guise of making "Suggestions." A motion for new trial may not be amended to add a new point after the expiration of the time provided by court rule. [Citation omitted.] As such, any amendment filed out of time is a nullity. [Citation omitted.] Thus, this complaint ... is not before us.

Accordingly, the motion for new trial may not be considered as having been amended by the affidavits so as to raise this issue.

6. The record is not clear about whether Appellant had then exercised her peremptory strikes. One statement of her counsel could be construed

While we do not lightly consider allegations of improper contacts with jurors, under the facts of this case, we are unable to conclude that the trial court committed plain error in denying the relief sought by Appellant on the basis which she now argues.

Appellant also contends in her argument under this point that a juror (juror Fox) was guilty of misconduct in not revealing his acquaintanceship with Respondent Raphael Mack. She argues that a question arose about this juror "when the jury had been drawn and selected" and it was learned that the juror had previously square danced with Respondent Raphael Mack but had failed to admit that he knew him. She says that this "juror's blatant refusal to be truthful was not discovered until after the jury was impaneled" and that the trial court then limited her attorney to only two questions which were insufficient to expose the true extent of the familiarity of these two people. This contention is plainly contradicted by the record.

██ After voir dire examination, Appellant's attorney informed the trial court and counsel that he had learned that venireperson Fox "regularly square dances with Mr. Mack and he did not indicate that he knew the defendant during the voir dire process." He continued by saying, "in any case, before the panel is selected ... I think that we ought to know that."[6] At the request of Appellant's trial counsel, juror Fox was brought to the bench and, out of the hearing of the other venirepersons, the following occurred:

> [Appellant's attorney]: I just want to know if you personally know Ray Mack in any way prior to today.
>
> Venireman Fox: Ray Mack, no.
>
> [Appellant's attorney]: And you do not square dance together?
>
> Venireman Fox: We used to, but it's been over two years since we square danced with him, yes.
>
> [Appellant's attorney]: And when I asked you that question about that, would that affect your decision in this matter?

as indicating that she had delivered her strikes to the trial court but that strikes had not yet been made by Respondents.

Venireman Fox: No.

[Appellant's attorney]: Thank you.

The Court: ... Are you going to make an objection?

[Appellant's attorney]: No.

Appellant's attorney not only failed to object to the inclusion of venireperson Fox on the panel, he did not seek to exclude him by using one of his peremptory strikes, and he made no complaint about the matter in the motion for new trial. Failure to include an allegation of error in the motion for new trial results in the complaint being waived for purposes of appeal. *State ex rel. State Highway Commission v. Williams,* 263 S.W.2d 444, 445 (Mo.App.S.D.1953). *See also Smith v. Homestead Distributing Co.,* 629 S.W.2d at 456. Additionally, by failing to request any relief beyond the questioning of venireperson Fox prior to final jury selection, the trial court could have been reasonably assured that Appellant was satisfied. *See Tobb v. Menorah Medical Center,* 825 S.W.2d 638, 641 (Mo.App.W.D.1992).

Finally, we note that in this point Appellant complains about the denial of an evidentiary hearing. She does not, however, cite us to any portion of the record on appeal indicating that such a hearing was requested or denied. Our own review of the record has failed to disclose any such denial. It is the responsibility of an appellant to present a record containing the matters pertinent to the issues presented on appeal. *In re Marriage of Kohler,* 778 S.W.2d 19, 21 (Mo.App. E.D.1989).

We find no plain error requiring a reversal. Appellant's final point is, therefore, denied.

Judgment affirmed.

CROW and PREWITT, JJ., concur.