Arthur MUEGLER, Jr., Plaintiff–
Respondent/Cross–Appellant,

v.

Jack and Loretta HARPER, Defendants–
Appellants/Cross–Respondents.

Nos. 68712, 68772.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 3, 1996.

Rehearing Denied Oct. 17, 1996.

---

**420**

Arthur G. Muegler, Jr., St. Louis, pro se.

Victor C. Strauss, Jr., St. Louis, for Harpers.

KAROHL, Judge.

Plaintiff, Arthur G. Muegler, Jr., sued defendants, Jack and Loretta Harper for the balance due on a promissory note which they signed in exchange for a loan of $10,000. The Harpers made no payments on the note. The court entered a judgment, in a jury waived trial, against the Harpers for $14,-904.20; $10,000 principal, and $4,904.20 interest. The Harpers did not appeal this judgment. Loretta Harper, the owner of a residential condominium, filed a counterclaim against Muegler alleging he orally promised to pay rent for the period April 4, 1990, through February 12, 1991. Jack Harper had no ownership interest but joined in the counterclaim. They alleged the reasonable value of the rent was $1,250 per month. The court entered a judgment for Muegler on the counterclaim, finding no rent due. Loretta Harper appeals from the adverse judgment on her counterclaim. Jack Harper attempts to appeal from the judgment on the counterclaim. However, Loretta Harper, as owner of the condominium, would have a cause of action, not Jack Harper. Jack Harper's testimony would support a finding that he was an agent for his wife in the rental agreement. He had no standing to bring the counterclaim. He was not aggrieved by the judgment on the counterclaim. We, therefore, dismiss the appeal of Jack Harper.

After Loretta Harper appealed on the denial of relief on the counterclaim, Muegler filed a cross-appeal claiming the court erred in failing to grant attorney's fees, collection costs, and sufficient interest on the principal in accord with the terms of the note. We affirm the judgment in favor of Muegler on Loretta Harper's counterclaim. We reverse and remand for entry of an amended judgment on Muegler's suit on the promissory note.

We summarize the evidence which supports the judgments. Muegler testified he was living in Arizona in 1990, but continued to practice law in St. Louis. Frequently, he came to St. Louis to try lawsuits for a law school friend, Don Nangle. Nangle advised Muegler he was renting office space with another law school friend, Jack Harper. Nangle invited Muegler to office with them.

Muegler came into St. Louis in late March, 1990, to talk with Nangle about the new office arrangement. Jack Harper offered Muegler the use of his wife's condominium rent free. On April 4, 1990, Jack Harper showed the condominium to Muegler. Muegler left some suitcases there and flew back to his home in Arizona. Muegler stayed overnight in the unit three to six nights per month between April 4, 1990 and February, 1991.

In May, 1990, Harper asked Muegler to lend him $10,000 for thirty to sixty days. Use of the condo was not mentioned in connection with the $10,000 loan. Jack Harper never paid any expenses of the combined law office.

On May 22, 1990, Jack and Loretta Harper signed a promissory note for $10,000, payable on demand, with interest at ten percent per annum until the note is paid in full. The note was secured by a mortgage on Florida real estate. The note provided: "In the event of default [promissors agree to pay] an additional sum, equal to the actual cost to collect this note, including, but not limited to, all court costs, investigation costs and reasonable attorney's fees."

Muegler made a verbal demand for payment of the note in August, 1990. He made written demands in October and December, 1991. The Harpers made no payments. Muegler filed suit on the note in March, 1992. The counterclaim alleged Muegler rented and occupied Loretta Harper's condominium from April 4, 1990 until February, 1991. There was a claim for unpaid rent of $13,125 as an off-set to the balance due on the promissory note.

We review in accord with Rule 73.01 as interpreted in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

 Loretta Harper's sole point on appeal is: "The judgment in favor of respondent on the counter-claim filed against him by appellants is unsupported by the evidence and contrary to Missouri law." The contention is without merit. First, a judgment for Muegler on the counterclaim is the same as a judgment for a defendant on a petition, and, "an allegation that a defendant's verdict is not supported by substantial evidence is not a question for appellate review because the plaintiff has the burden of proof and a defendant's verdict need not be supported by any evidence." *Nash v. Ozark Barbeque, Inc.,* 901 S.W.2d 353, 357 (Mo.App. S.D.1995).

 Second, Loretta Harper had the burden of proof in her counterclaim against Muegler for rent. The court, as the trier of fact, accepted Muegler's testimony and found there was no rental agreement. Muegler testified the Harpers offered the condominium free of charge because occupancy would protect it from the risks of vacancy. The court was free to believe or disbelieve either the Harpers' or Muegler's evidence. *Houni-han v. Farm Bureau Mutual Ins. Co. of Mo.,* 523 S.W.2d 173, 175 (Mo.App.1975). The court did not err in its decision in favor of Muegler on the counterclaim.

 Third, Loretta Harper's contention the judgment is "contrary to Missouri law" preserves nothing for review. It is no more than an abstract statement without reference to wherein or why there was trial court error. Rule 84.04(d). Point denied.

 In his cross-appeal, Muegler contends the court erred because it failed to award reasonable attorney's fees, collection costs, and additional prejudgment and post judgment interest in accord with the terms of the note.

 "Once the [court] found for plaintiffs, their damages in the form of principal, interest and attorney's fees followed as a matter of law. The court may calculate these amounts and enter judgment accordingly." *Campbell v. Kelley,* 719 S.W.2d 769, 772 (Mo. banc 1986). "The trial court is not at liberty to ignore [provisions in promissory note], absent proof that to enforce it would be unreasonable and unconscionable." *Stern Fixture Co. v. Layton,* 752 S.W.2d 341, 343 (Mo.App.1988). The court entered a judgment for Muegler for $10,000, unpaid principal, plus $4,904.20, accrued interest and court costs. However, the note provides for payment, in the event of default, of "an additional sum, equal to the actual cost to collect this note, including, but not limited to, all court

costs, investigation costs and reasonable attorney's fees." The court did not address the issues of attorney's fees or collection costs. Muegler claims fees for David Morgan, his attorney, and for himself, acting pro se. Muegler hired Morgan as his attorney for the trial. Without objection, he testified as follows regarding Morgan's fees: "I believe [Morgan's] attorney's fees should be a full 33–1/3 percent of the full amount recovered on this note, in accordance with the standard practices of the legal community in the St. Louis, Missouri area."

Muegler did not offer evidence on all the terms of his agreement with his trial counsel. Muegler testified he retained counsel to try his case, and an appropriate fee would be 33 1/3 percent of recovery. He also testified his efforts as an attorney at law had a value of $10,700. Hence, there was evidence to award a fee in an amount to be determined on remand. We express no opinion as the amount to be included in the judgment.

Muegler also claimed the court erred in not awarding $6,750 interest. During the oral argument this claim was withdrawn.

The appeal of Jack Harper is dismissed. The judgment for Muegler on counterclaim of Loretta Harper is affirmed. The judgment for Muegler on the petition is affirmed in part, reversed and remanded in part.

On remand the court should amend the judgment on interest due at the time of judgment. There were two errors. First, a slight mathematical error was made in awarding $4,904.20, the correct figure would be $4,983.56. Second, the judgment should include the agreed rate of interest of 10 percent per annum on the judgment. The court must determine the amount of attorney's fees supported by the evidence and include an award of fees.

RHODES RUSSELL, P.J., and SIMON, J., concur.