Well, you know, vertebral artery dissection is a difficult diagnosis to make. This is-because it's so infrequent, we don't have a lot of experience with it. It's not something that every medical student or every physician even sees during his or her career. It's just a very small group of people have knowledge of this. And so it-it's a very difficult diagnosis to make because it is so unusual.
And so, when he went to the emergency room, the ER doctor, I think, handled things appropriately ... and actually went above and beyond in terms of the work-up because he had a CT scan and then a lumbar puncture. And all of that was because of Mr. Beverly's symptoms and family history.
And I think they did a great job. It would have been nice-and knowing what we know now, it would have been nice if they had picked up on the vertebral artery dissection then. But it's a very difficult diagnosis to make.
Dr. Pikus testified that he similarly believed St. Luke's North "did a very good job" in its care of Beverly. The trial court again overruled Beverly's objection that this testimony blamed an "empty chair."
Contrary to Beverly's argument, the Defendants did not address the care provided by Truman Medical Center and St. Luke's North in an effort to blame an empty chair. Rather, the Defendants referenced the care provided by Truman Medical Center and St. Luke's North to support the argument that Dr. Hudak's failure to recognize Beverly's vertebral artery dissection was not outside the standard of care because such dissections are difficult to diagnose.
The trial court did not abuse its discretion in denying Beverly's motion for new trial based on the alleged admission of "empty chair" evidence. Point Four is denied.
Point Five: Whether the Verdict Was Against the Weight of the Evidence
In his fifth point on appeal, Beverly argues that the trial court erred in denying his motion for a new trial because "the jury's verdict for [the Defendants] was clearly against the weight of the evidence, as the undisputed evidence presented at trial conclusively showed [Dr. Hudak's] culpability." [Appellant's Brief, p. 58] In particular, Beverly argues that the evidence at trial fully supported a finding that Dr. Hudak was negligent in his failure to warn Beverly of the potential consequences of cervical spine adjustments; a finding that Dr. Hudak performed a cervical spine adjustment on Beverly despite the presence of symptoms indicating a vertebral artery dissection, thereby breaching the chiropractic standard of care; a finding *878 that Dr. Hudak failed either to contact Truman Medical Center or St. Luke's North or to obtain Beverly's medical records from Truman Medical Center or St. Luke's North prior to performing a cervical spine adjustment on Beverly, thereby breaching the chiropractic standard of care; and a finding that Dr. Hudak failed to complete an adequate history or an adequate physical examination of Beverly prior to performing a cervical spine adjustment on Beverly, thereby breaching the chiropractic standard of care. Beverly argues that the undisputed facts establish that the weight of the evidence should have resulted in a verdict for Beverly on all claims and issues.
Beverly, as the plaintiff, bore the burden of proof at trial. Rouse v. Cuvelier , 363 S.W.3d 406, 415 (Mo. App. W.D. 2012). "Because [Beverly] bore the burden of proof, a verdict in [the Defendants'] favor need not be supported by any evidence." Id. "Where a party bears the burden of proof, it is within the jury's prerogative to find against that party, even if that party's evidence is uncontradicted and unimpeached." Id. The jury has that prerogative because the jury determines credibility. Warren v. Thompson , 862 S.W.2d 513, 514 (Mo. App. W.D. 1993). Following the jury's verdict, "[t]he trial court alone has discretion to grant or deny a motion for new trial on the ground that the verdict [in favor of the defendant] was against the weight of the evidence." Id. "The trial court's overruling a motion for new trial on that ground constitutes a conclusive determination that cannot be overturned on appeal." Id. ; see also Wilson v. Union Pac. R.R. Co. , 509 S.W.3d 862, 878 (Mo. App. E.D. 2017) ("In a negligence case, when the jury enters a verdict in favor of the defendant, the appellate court will not overturn the verdict and remand for a new trial on the ground the verdict was against the weight of the evidence.").
Even presuming, arguendo , that Beverly's evidence was undisputed, the jury was entitled to disbelieve Beverly's evidence that Dr. Hudak breached the chiropractic standard of care, causing Beverly's injuries. The trial court overruled Beverly's motion for new trial on the ground that the jury's verdict in favor of the Defendants was against the weight of the evidence. We will not disturb that ruling on appeal.
Point Five is denied.
Conclusion
The trial court's Judgment is affirmed.
All concur